EASTLAND vs. FOGO and another.

*September 8 — September 25, 1883.*

STREETS. *(1) Dedication: court and jury. (2) Evidence of opening by village board.*

1. Dedication of land for a street is a question of fact which should be submitted to the jury.
2. The action of a village board in opening streets should be a matter of record, and the record is the best evidence thereof.

APPEAL from the Circuit Court for *Richland* County.

Action of trespass *quare clausum*. The defendants alleged, among other things, that the premises described in the complaint were a public highway. Other facts are stated in the opinion. There was a verdict for the defendants, and from the judgment entered thereon the plaintiff appealed.

For the appellant there was a brief by *Black & Burnham*, and the cause was argued orally by *A. C. Eastland*, in person.

For the respondents there was a brief by *Miner & Berryman*, and oral argument by *Mr. Miner*.

ORTON, J. The *locus in quo* is a strip of land lying north of and adjoining Hazeltine's platted addition to the village of Richland Center, not included in such plat, or marked

Eastland vs. Fogo and another.

thereon as a street or other public ground. The plat and certificate were in evidence for the purpose of showing a dedication thereby of this strip by Hazeltine, the then owner. *First.* The circuit judge instructed the jury that "the records of the plats introduced are construed by me to intend a dedication of the piece of land between the north side of block forty-two and the section line, including the place of the alleged trespass." This was a two fold error — (1) Because dedication is a question of fact that should have been submitted to and passed upon by the jury, and not a mere question of law to be decided by the court *(Gardiner v. Tisdale,* 2 Wis., 153); and (2) because the records of the plats introduced do not indicate any intention to dedicate to the public use as a street the piece of land in dispute. *Second.* One of the defendants was allowed by the court to testify as a witness, against the objection of the plaintiff, that "his father asked the village board to open that street and remove the fence; [that] the board met for that purpose; [that] he was present at the meeting; [that] they decided *that* was a street, and ordered it opened, and put the paper in the hands of some officer for that purpose," etc. Such action by the village board was or should have been matter of record, and such record was, at least, the best evidence of what was done. *Mericle v. Mulks,* 1 Wis., 366. These principles are elementary; and, although established by decisions too numerous to be mentioned, they ought not to require the citation of authority.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.