## Ayers *v.* State.

### Opinion delivered March 31, 1894.

1. *Highway by prescription—Instruction.*
   In a trial for obstructing a public highway an instruction as to the establishment of a public road by prescription is not abstract where there was some evidence that the road in question had been used continuously by the public for more than seven years.

2. *Highway—Dedication.*
   No specific length of possession is necessary to constitute a valid dedication of land for a highway, but an intention on the part of the owner to dedicate is essential ; and unless such intent can be found in the facts and circumstances of the particular case, no dedication exists.

3. *Intention to dedicate a question for the jury.*
   In a case where there was no express manifestation or declaration of a purpose to dedicate land for a highway, and where the in-

tent to do so can only be found by inferring it from circumstances, the question whether it existed is one of fact for the jury.

Appeal from Sebastian Circuit Court, Greenwood District.

EDGAR E. BRYANT, Judge.

Appeal from a conviction of obstructing a highway, a part of the Fort Smith and Waldron road. The road alleged to have been obstructed crossed the southwest corner of a forty-acre tract belonging to defendant, running in a northwesterly direction. The first question in the case was whether the road across defendant's land was a public highway.

Evidence on behalf of the State tended to show that the public had, by continuous use for more than seven years, acquired a prescriptive right to a road across defendant's land at the place alleged to have been obstructed.

The testimony for the defense was, in effect, that in 1871 a public road was established across the tract of land; that in 1886 defendant built a fence enclosing all of the forty acres except three acres in the southwest corner, and including the public road as established; that the course of travel was changed to conform to this obstruction, the road running parallel and a short distance from the fence; that afterwards in 1892 defendant again moved out his fence, and took in the three acres uninclosed, leaving, however, fifteen feet along the section line for the use of the public. It is for this last obstruction that defendant was indicted. A witness for the defendant introduced the accompanying plat of the land with the following explanation: "The line marked OR represents the old road laid out in 1871, and used by the public until defendant built a fence on the line AFOD in 1886. After the building of said fence, the travel went outside along the line OFR, and thus was traveled by the public

from 1886 to 1892, when defendant fenced in the balance of his land, extending said lines of fence to the section corner. His fence then ran along the line ACD."

The second paragraph of the court's charge to the jury was as follows:

"2. In order to a conviction, it is necessary that the road obstructed should have been a public road. It is not necessary, however, that it should have been made so by an order of the court. A road may be made public by what is called prescription; that is, by use by the public, as such, for the period of seven years. Just as a person may obtain title to land by seven years adverse possession, so a road may be made public by use for such for seven years for travel, and by being worked as such. If you find that defendant fenced up such a road, so used by the public for more than seven years, then he is guilty."

It is contended by appellant that this instruction was abstract, and that the third paragraph of the court's

charge as to dedication, which is copied in the opinion, invaded the province of the jury in not leaving to the latter to determine defendant's intention with reference to the land left outside the fence built in 1886.

*T. P. Winchester* for appellant.

1.   The second instruction is objectionable. It requires seven years user to ripen into a title by prescription.   50 Ark. 53 ; 47 *id.* 431.

2.   The third instruction was erroneous.   Dedication is a question of *intention*, and is a fact to be submitted to a jury.   Thompson, Trials, secs. 1355–6–7–8 ; 9 Wis. 240, 244 ; 5 Am. & Eng. Enc. Law, p. 398 *et seq.;* 10 N. E. Rep. 558 ; 58 Wis. 274 ; 50 Ark. 53 ; 47 *id.* 431.

*James P. Clarke*, Attorney General, and *Chas. T. Coleman* for appellee.

1.   There was evidence that the public had used the road for twenty-one years.   This was sufficient to support the second instruction.

2.   The objection to the third instruction is answered by the opinion of the court below on the motion for a new trial.

MANSFIELD, J.   1.   Several of the State's witnesses swore that the fence erected in 1892, and constituting the obstruction charged in the indictment, inclosed ground which had been used continuously by the public, as part of the Fort Smith and Waldron road, for more than seven years next before the time when that fence was built.   The court's second instruction, as to the establishment of a highway by prescription, was applicable to this testimony, and it was not therefore objectionable on the ground that it was abstract.   *Patton* v. *State*, 50 Ark. 53.   A preponderance, however, of all the evidence appears to show that the way obstructed in 1892 was not used prior to 1886.

1.   As to highway by prescription.

2. As to dedication of highway.

2. The third instruction of the court was as follows: "The evidence for defendant showed that a public road was regularly surveyed and opened about 1865 across defendant's land; that in 1886 defendant ran a fence, which crossed this road diagonally, and deflected the travel from the old road until it reached the corner of the fence, where it turned back in the old road, and that the distance between the old road and the line of travel along the outside of the fence at the widest part was about forty or fifty feet. Now, if you find that when defendant built his fence in 1886, the public acquiesced in the change, and traveled along the outside of the fence as a public road, and that it was worked or traveled over for work by the overseer and hands as such, then this constituted a public road by dedication and acceptance, and, if defendant fenced it up, it was obstructing a public road."

The defendant was not prosecuted for obstructing any part of the original road-bed, but for building a fence across the way traveled by the public to avoid the fence he built in 1886 ; and, for the purpose of the third instruction, the way thus used is treated as a new and distinct road. If it was a public road, it became such, according to the testimony of a majority of the witnesses, by dedication, and not by prescription ; and the verdict of the jury may therefore have depended, so far as we can see, entirely upon whether they believed the new road had been established as a public road by dedication. Upon this question they received no charge, except that embraced in the third instruction ; and that instruction, it will be noticed, does not require them to find as a matter of fact whether the defendant intended to dedicate the land occupied by the new road-way or not.

The dedication of land for a highway consists of its appropriation to that use by the owner, and its accept-

ance by the public.   These two acts are of equal impor-
tance, and both are essential.   And. Law Dic. 324 ; 2
Greenleaf Ev. sec. 662.   The owner cannot convert his
land into a public highway without the consent of the
public ; nor can the public dedicate it before he has "in
some way" clearly assented to the dedication.   *Irwin* v.
*Dixion*, 9 How. (U. S.) 30 ; *McCormick* v. *Mayor*, 45
Md. 524 ; *Steele* v. *Sullivan*, 70 Ala. 593 ; *Connehan* v.
*Ford*, 9 Wis. 240.

"No specific length of possession is necessary to
constitute a valid dedication ;" but "an intent on the
part of the owner to dedicate is absolutely essential, and
unless such intent can be found in the facts and circum-
stances of the particular case, no dedication exists."   2
Dill. Mun. Corp. secs. 631, 636.

Many other authorities might be cited to show that
"the vital principle of dedication is the intention to dedi-
cate."   Ang. Highways, sec. 142.[1]   And   where that
intention is not expressed in writing and without ambig-
uity, the question  whether it  existed is one of fact for
the jury.   1 Thomp. Trials, secs. 1333, 1355.[2]

*3. Intention a question for the jury.*

In the present case there was no "express manifes-
tation" or declaration of a purpose to dedicate, and the
intent to do so can only be proved by inferring it from
the circumstances.[3]   We cannot say from these that the
evidence is conclusive against the defendant, and it was
his right to have the jury pass upon its sufficiency to
justify the inference insisted upon by the State.[4]

As the third instruction does not submit the ques-
tion of intention in any form, it was error to give it.

Reversed.

1.   Cited, in *Ward* v. *Farwell*, 6 Col. 69.

2.   See also Elliott's Roads, 121 ; 5 Am. & Eng. Enc. Law, p. 400 ;
2 Greenleaf, Ev. sec. 662 ; 58 Wis. 274 ; And. Law. Dic. 324.

3.   Elliott, Roads, pp. 90, 91, 121.

4.   Const. art. 7, sec. 23 ; *Haley* v. *State*, 49 Ark. 153 ; *Smith* v. *State*,
50 Ark. 545.