CONNER v. HEATON.

4-6962

168 S. W. 2d 399

Opinion delivered February 8, 1943.

*Shouse & Shouse*, for appellant.

*Marvin Hathcoat*, for appellee.

HOLT, J. Appellees sued appellant in the Boone chancery court for injunctive relief and damages. The substance of their complaint was "that they are citizens and taxpayers of Boone county, Arkansas, and reside in what was formerly known as Plumlee School District No. 55 in said county; that more than forty years since, Bill Plumlee and his wife by their proper deed conveyed to said School District No. 55 and the citizens of said community for church purposes one acre of land, upon which was constructed a school building soon after said purchase and which was used as a school building and for church purposes by the citizens of said community continuously since that date, and that they had peaceable, continuous and uninterrupted possession until a

short time since when said lands upon which that one acre was deeded from was sold to the defendant; that on or about the year 1930 the County Board of Education dissolved said district and that the territory comprising same was annexed to Alpena and Capps Districts and that the portion annexed to Capps District contained the school building and the fixtures therein contained; that soon after said district was dissolved the directors of the Capps District made and entered into a contract with the citizens whereby they were permitted to continue to occupy and possess said building for church purposes and that they have continuously since held and claimed said property and which has been used by the citizens for church and community purposes; that said deed which was made by the said Bill Plumlee and wife to the School District No. 55 and to the citizens of said community for school and church purposes has been lost, burned or destroyed and neither said deed nor a copy thereof can be produced; that recently the lands from which the one acre was conveyed has been purchased by the defendant, Roy Conner, and since said one acre of land heretofore conveyed to said school district and community for school and church purposes was not exempted by his deed, he set up claim to said building.''

They further alleged that appellant was not an innocent purchaser; that upon learning that appellant was preparing to tear down and remove the building they served notice upon him of their intention to apply for restraining order, but that appellant ignored said notice and tore down and removed the building in question and ''thereby deprived the citizens of said community from having a building whereby they would have church and community services,'' to their damage; that they had no adequate remedy at law and that unless restrained appellant would dispose of the material from the building together with ''the seats and other fixtures'' therein. There was a prayer that defendant be enjoined, and for damages in the amount of $1,000.

Appellant interposed a demurrer to this complaint on the ground that it did not state facts sufficient to constitute a cause of action. The trial court overruled

this demurrer, and appellant answered, denying every material allegation in the complaint.

Upon a trial the court found the issues in favor of appellees and ordered appellant to replace the building in as good condition as he had found it, and allowed appellant sixty days in which to do this work. This appeal followed. Appellees have cross-appealed from that part of the decree failing to award damages and injunctive relief as prayed.

For reversal appellant contends ''(1) that the complaint shows no cause of action in plaintiff; (2) that equity does not have jurisdiction; that if plaintiffs had a cause of action it is an action for damages in which appellant is entitled to have trial by jury; and (3) that the chancellor does not have power to order appellant, or any other citizen, to construct or re-construct a building.''

The facts in this case are to the effect that, almost half a century ago, Bill Plumlee and wife executed a deed to approximately one acre of land to School District No. 55, known as Plumlee School District, which they dedicated to the citizens of that community for school and church purposes. This deed has been lost, and appears not to have been recorded.

George Coker, 74 years of age, testified that he was present when Bill Plumlee and his wife signed the deed in question, and that when Mrs. Plumlee signed she said, ''I will sign it with the understanding that it is to be for school and church purposes. As long as it remains for school and church purposes the deed stands and when they stop using it for school and church purposes, the land goes back to the heirs,'' and that she also said she would sign it with the understanding that all church denominations (with one exception) might use the building for church purposes; that he helped to build the house in question in 1908 or 1909, and that it has been used for church purposes until the time it was torn down. There is evidence that a new roof was placed on the building and that it was repainted about two years ago and that there is no other community building nearer than

five miles that could be used for such purposes; that money was raised in the community from "pie suppers" with which to keep the building in repair.

Garland Plumlee, son of Bill Plumlee, testified that while he never saw the deed to the school property in question, he had heard his father speak of it a number of times and that it was his information that the property was deeded for church and school purposes with the understanding that should the property cease to be used for church purposes it should revert to the original owners.

The deed, under which appellant claims the church property, contains no clause exempting the property in question here for school and church purposes. The Plumlee School District was consolidated with Alpena Pass and Capps Districts in 1930, the house and grounds here involved going to the Capps District. The Capps District agreed that this property might remain and be used as a community, social and church center.

Appellant moved onto the property in January, 1941. He admits that he removed the building in question with its contents, on advice of counsel, and now has the lumber, seats and equipment stored and intact. He testified that the directors of the Capps School District gave him permission to remove the building.

There was other evidence to the effect that the building had been used as a community center and for church purposes since its erection more than forty years ago, until it was torn down by appellant.

On the facts presented by this record, we cannot agree with appellant's contention that the complaint does not state a cause of action. Appellees alleged that they were taxpayers and citizens in the community embraced in the Plumlee School District where the property in question is located, and that the property had been deeded to the school district and the citizens of that community for church and school purposes. In other words, that it had been so dedicated by Mr. Plumlee and his wife.

We are clearly of the view that, as interested parties, appellees' right to bring this suit is found in § 1314 of Pope's Digest which provides: "Where the question is one of common or general interest of many persons, or where the parties are too numerous, and it is impracticable to bring them all before the court within a reasonable time, one or more may sue or defend, for the benefit of all." In considering the force of this § 1314 of Pope's Digest the Circuit Court of Appeals, Eighth Circuit, in *Penny* v. *Central Coal & Coke Co.,* 138 Fed. 769, held, (quoting headnote 3): "Where a religious society, consisting of many worshipers, was the owner of certain lands in controversy, its trustees were entitled to sue for an injury to the freehold consisting of a wrongful removal of coal from beneath the land without joining the members of the congregation, under Sand. & H. Digest, Arkansas § 5632, (now § 1314, Pope's Digest), providing that when the question is one of common or general interest of many persons, or where the parties are numerous, and it is impracticable to bring them all before the court within a reasonable time, one or more may sue or defend for the benefit of all." While the complaint does not specifically allege that appellees sued for themselves and others similarly situated, when read in its entirety, the implication is clear that such was intended as was said by this court in the case of *Howard-Sevier Road Imp. Dist. No. 1* v. *Hunt, et al.,* 166 Ark. 62, 265 S. W. 517, in which it quoted with approval from an Illinois case, "This Pinckney Bill was filed by certain property owners and taxpayers as representatives of a class. Though not formally stating that it was filed on behalf of all other taxpayers in the town, yet it constantly refers to them and their interest in the questions involved."

Appellant also argues that "a fundamental rule of real estate is that title must rest in someone. It is never left in suspension. It is difficult to understand how title or rights to realty could rest or abide in a community." It is our view that the conveyance of the property in question here constituted a dedication to the

public and community affected for school and church purposes which was accepted and has been used, for the purposes for which it was dedicated, for more than forty years, and that appellees are capable of taking and holding the dedicated land for the public interest. In American Jurisprudence, Vol. 16, p. 358, § 14, the text-writer says: "A dedication does not require the existence of a corporation to which it is made or in which the title should vest. A dedication may be valid without any specific grantee in being at the time it is made. In this respect a dedication forms an exception to the general rule of transferring or creating an interest in lands, since it may be made without a deed and without any person competent to accept the grant as grantee. The reason for the rule is that the law applies to dedications of land to public uses rules adapted to the nature and circumstances of the case and rules adapted to carry into execution the intention and object of the grantor and to secure to the public the benefit held out and expected to be derived from, and enjoyed by the dedication. The interests of those beneficially entitled to easements or dedications of a public, charitable, or religious character are not allowed to lapse or fail for want of what is technically called 'a person' to take the legal title, the public being an ever-existing grantee capable of taking the dedication."

We are also of the view that a cause of action was properly stated giving equity jurisdiction. It will be observed that the complaint alleged that there was no adequate remedy at law; that appellant be restrained from removing the building, and in effect, that the Plumlee deed conveying and dedicating the property for school and church purposes, for the use of the public and the people in the community affected, impresses the property with a trust for such uses and benefits. In the case of *Horstmann* v. *LaFargue*, 140 Ark. 558, 215 S. W. 729, this court, quoting with approval from Pomeroy Eq. Jur., § 181, said: "If the controversy contains any equitable features, or requires any purely equitable relief, which would belong to the exclusive jurisdiction, by means of which a court of equity would acquire, as it were, a

partial cognizance of it, the court may go on to a complete adjudication, and may thus establish purely legal rights, and grant legal remedies, which would otherwise be beyond the scope of its authority," and in Vol. 8, R. C. L. 911, § 37, the author says: "Inasmuch as a court of equity has jurisdiction of all matters which savor of trusts, it is the proper tribunal in which to seek to enforce or preserve the beneficial interest of the public obtained through a dedication," and the rule is well settled that "when equity acquires jurisdiction of a cause for one purpose under *bona fide* allegations, all matters at issue will be adjudicated and complete relief afforded." *Murdock* v. *Sure Oil Company,* 171 Ark. 61, 283 S. W. 4. It was, therefore, within the power of the court to assess damages.

Since it appears that appellees and those similarly interested have had the open, adverse, hostile and peaceable possession of this property for more than forty years, we think the trial court correctly found that they were entitled to its continued possession, ownership and enjoyment, so long as used in accordance with the terms of the grant, and to whatever damages may have resulted from appellant's trespass and removing the building and its contents. See *Penny* v. *Central Coal & Coke Co., supra.*

Accordingly, the decree is reversed, and the cause remanded with directions to the trial court, first, to appoint trustees to take charge of and hold the property for the use and benefit of the public and the community affected; second, to quiet title to the property, not in excess of one acre, in the trustees so appointed so long as used for the purposes expressed in the grant; and, third, to allow appellant a reasonable time within which to restore the building and contents in as good condition as when torn down, and should appellant fail to do so then to determine and assess, on proper testimony, the damages suffered by appellees, occasioned by appellant's trespass, and assess all costs in the court below and on this appeal to appellant.