HANKINS *v.* CITY OF PINE BLUFF.

4-9179            229 S. W. 2d 231

Opinion delivered May 1, 1950.

*Jack Segars,* for appellant.

*R. A. Eilbott, Jr.,* for appellee.

GEORGE ROSE SMITH, J.   This action was brought by the city of Pine Bluff to enjoin Alvis Hankins from constructing a concrete curbing that is said to encroach upon the city streets.  The city did not obtain a temporary injunction when the suit was filed, and while the case was pending Hankins completed the construction of the curbing.  This appeal is from a decree by which the chancellor found that an encroachment exists and ordered its removal.

The curbing in question is situated at the intersection of Twentieth and Main streets.  Hankins' lot is on the southeast corner of this intersection.  As originally platted Main street had an offset or "jog" at this intersection, so that a person traveling north on Main would have to turn to his right upon reaching Twentieth and go about ninety feet east on Twentieth before turning north to continue on Main.  The principal question in this case is whether in 1946 Hankins dedicated a public right-of-way across the corner of his lot as a means of partly straightening the course of Main street.

In 1946 this lot was unimproved and had not yet been taken into the city limits.  Prior to that time the county road graders had gradually shifted the roadbed onto Hankins' property as a means of alleviating the sharp

turn at the intersection. Only two witnesses testified about the 1946 dedication relied on by the city. The county judge said that he talked to Hankins about taking some of his property to flatten the curve still more than had already been done. According to this witness Hankins said that the proposal was all right with him, and the county then removed some trees and graded the street to the agreed line. The street has been used by the public ever since.

Hankins' own testimony is not materially at variance with that of the county judge. He concedes that he agreed to let the road cross his property. "At that time it was grown up in weeds and I had no objection to their using it." He was asked if by the agreement the road was to remain only as long as he did not want to improve the property, and he answered, "I don't believe I said anything like that."

On this testimony the chancellor correctly held that there had been a dedication of the road, which inured to the city when it annexed this territory. The two essential elements of a dedication are the owner's appropriation of the property to the intended use and its acceptance by the public. No specific duration of the public user is required to complete the dedication. *Ayers v. State,* 59 Ark. 26, 26 S. W. 19. Nor need the dedication be evidenced by a deed. *Conner v. Heaton,* 205 Ark. 269, 168 S. W. 2d 399. It is quite possible that Hankins did not realize that the effect of his agreement was to give the public a permanent easement across his property, but there was nothing in his conduct to put the county on notice that his offer was in any way conditional. On the contrary, the county judge testified that the county would not have accepted the right-of-way had such a condition been attached.

Hankins also contends that the city is estopped to question the location of the curbing, for the reason that the city engineer approved it. The city, however, brought suit soon after construction was begun, and in any event the city engineer's erroneous approval could not create an estoppel. It is not suggested that this officer is au-

thorized to give away part of the public thoroughfare, and we have often held that a public officer cannot bind the State or its subdivisions beyond the extent of his actual authority. "All who deal with a public agent must at their peril inquire into his real power to bind his principal." *Woodward* v. *Campbell,* 39 Ark. 580; *McConnell* v. *Ark. Brick & Mfg. Co.,* 70 Ark. 568, 69 S. W. 559.

We think, however, that the decree should be modified in one respect. The chancellor found that the city's easement extends to a specified line as shown on a surveyor's plat that was introduced in evidence. The county judge admitted that through the years there has been a gradual encroachment onto Hankins' property, and the latter testified positively that the line he agreed to in 1946 was three feet farther out than the line now claimed by the city. Hankins' testimony was given with candor and honesty, and we see no reason to doubt his statement that the street has been shifted three feet more since 1946.

The decree is modified to narrow the city's easement by three feet at its point of deepest penetration upon the appellant's lot. With this modification the decree is affirmed, and, as the title to real estate is involved, the cause is remanded for the entry of a decree in accordance with this opinion.