CITY OF JONESBORO v. KIRKSEY

5-3493                                       388 S. W. 2d 78

Opinion Delivered March 22, 1965.

*Frierson, Walker & Snellgrove,* for appellant.

*Ward & Mooney,* for appellee.

JIM JOHNSON, Associate Justice. This is an action to declare certain property dedicated to the public use for street purposes. Appellant City of Jonesboro filed its declaration judgment complaint in Craighead Chancery Court, Jonesboro District, on January 23, 1964, against appellees Claude G. Kirksey and Mildred Kirksey, his wife, Jonesboro landowners, contending that a part of their property had been dedicated for the public use as a street. The case was tried on August 17, 1964, and at the close of appellant's case, on appellees' motion the court dismissed appellant's complaint on the grounds "that all of the evidence on behalf of [appellant], when given its most favorable probative interpretation, failed to establish a prima facie case in favor of [appellant]."

For reverse appellant urges that its evidence was sufficient to establish a prima facie case of appropriation of property by appellees and acceptance thereof by appellant, thereby completing the dedication of such property, and relies primarily on *Hankins* v. *City of Pine Bluff,* 217 Ark. 226, 229 S.W. 2d 231. There we said in part:

"On this testimony the chancellor correctly held that there had been a dedication of the road, which inured to the city when it annexed this territory. The two essential ele- ments of a dedication are the owner's appropriation of the property to the intended use and its acceptance by the public. No specific duration of the public user is required to complete the dedication. *Ayers* v. *State,* 59 Ark. 26, 26 S.W. 19. Nor need the dedication be evidenced by a deed. *Conner* v. *Heaton,* 205 Ark. 269, 168 S.W. 2d 399. It is quite

possible that Hankins did not realize that the effect of his agreement was to give the public a permanent easement across his property, but there was nothing in his conduct to put the county on notice that his offer was in any way conditional. On the contrary, the county judge testified that the county would not have accepted the right-of-way had such a condition been attached."

Reviewing the evidence in the case at bar first on the element of "the owner's appropriation of the property to the intended use" (and giving appellant's evidence its strongest probative force in support of its case, *Werbe* v. *Holt,* 217 Ark. 198, 229 S.W. 2d 225), there is evidence that local businessmen wanted to extend Washington Avenue across appellees' property to Caraway Road, a state highway, that appellees approached the president of the chamber of commerce and offered right of way across their property and $500 toward obtaining the rest of the necessary right-of-way, that the city made a survey in January, 1956, of the proposed street extension which shows that a metal building and a work shop were in the path of the proposed street, further evidence that these buildings along with a small solid concrete retaining wall were removed by appellees, and that the north line of the proposed street on the survey was a line prescribed by appellees.

On the second element, acceptance by the public, there is testimony that early in 1960 when appellees asked the mayor to repair a wooden bridge (which appellees had built and maintained theretofore), the city tried to keep the bridge passable and finally in June or July of 1960 the city built a concrete bridge to replace the wooden bridge in line with the right-of-way specified by appellees. When the bridge was completed in about a week, the city immediately started grading the street and put in drainage tile following the curb. (This drainage expense ran some $5,-500 including two bridges.) The street was graveled in 1962. Prior to that it was used by the public as a dirt road and have never been closed since it was opened by the city.

This suit was commenced after appellees "ran off" the city water and light crew sent to install a sewer line and refused to allow the sewer to be installed.

Having presented appellant's evidence in the light most favorable to appellant, solely to determine whether it established a prima facie case of dedication by appropriation and acceptance, we find that the trial court erred in granting appellees' motion to dismiss at the close of appellant's evidence. *Werbe* v. *Holt, supra.* The case is therefore reversed and the cause remanded for further development.