Wilson MATHIS and Laverne Mathis, His Wife *v.* John BRASHEAR and Gail Brashear, His Wife, The City of Conway, Arkansas and Conway Corporation

CA 90-332                                   807 S.W.2d 666

Court of Appeals of Arkansas
Division II
Opinion delivered May 1, 1991

*Phil Stratton*, for appellants.

*Brazil, Clawson & Adlong*, for appellees John and Gail Brashear.

*Tim D. Williams*, for appellee City of Conway.

*Henry & Henry*, for appellee Conway Corp.

MELVIN MAYFIELD, Judge. Appellants Wilson and Laverne Mathis appeal a Faulkner County Chancery Court decision that dismissed their adverse possession complaint.

The record shows that certain property in Faulkner County was platted into blocks and lots as the Hayes Addition to the City of Conway, Arkansas, and filed for record on December 4, 1917. In September 1961 the Hayes Addition was annexed to the City of Conway. The plat provided for a forty-foot easement to be known as Maple Street to run between Blocks 8 and 1, but Maple Street was never opened and a portion of that street is the property at issue in this case. Appellants own Lots 1, 2, 3, 4, 5, 27, 28, 29, 30, 31, and 32 of Block 8. Lots 1 and 32 are adjacent to Maple Street. It was stipulated that appellants have used, maintained, mowed, and planted trees and shrubs on the area between Blocks 1 and 8 known as Maple Street since 1952.

On May 9, 1989, appellants filed suit to claim this strip of land by adverse possession. The chancellor held, on stipulated facts, that Ark. Code Ann. § 14-301-113 (1987), passed in 1907, prohibited the acquisition of any city street by adverse possession and that Ark. Code Ann. § 22-1-201 (1987), passed in 1923, prohibited the acquisition of any public thoroughfare, road, or highway by adverse possession, and dismissed appellants' complaint.

Arkansas Code Annotated § 14-301-113(a) (1987) provides in part:

No title or right of possession to any alley, street, or public park, or any portion thereof, in any city or incorporated town in this state shall or can be acquired by adverse possession or adverse occupancy thereof.

And Arkansas Code Annotated § 22-1-201 (1987) provides:

(a) No title or right of possession to any public thoroughfare, road, highway, or public park, or any portion thereof, shall or can be acquired by adverse possession or adverse occupancy; and the right of the public or of the proper authorities of any county to open or have opened any such public thoroughfare, road, highway, park, or parts thereof shall not be defeated in any action or proceeding by reason of adverse possession or adverse occupancy of any such public thoroughfare, road, highway, or park, or any portion thereof where adverse possession or occupancy commenced after the passage of this section.

(b) Any thoroughfare, road, or highway that may be platted by any landowner and dedicated to the public as a public thoroughfare, road, or highway where the plat shows or the bill of assurance states the width of the road or highway or any park dedicated by any landowner to the public as a public park for the use and benefit of the public shall not be acquired by adverse possession or adverse occupancy of any such land so dedicated to the public, or any portion thereof, where the adverse possession or occupancy commenced after the passage of this section.

But appellants argue on appeal that these statutes are not applicable because the street was not accepted by the public until 1961 when the subdivision was annexed into the city, and even then, the dedicated property was never opened as a street, and therefore, their adverse possession of the portion of Maple Street at issue ripened into ownership between 1952 and 1961, prior to public acceptance of the property.

Appellants argue that there are two essential elements of a dedication: the owner's appropriation of the property to the intended use and its acceptance by the public. *City of Jonesboro* v. *Kirksey*, 239 Ark. 205, 388 S.W.2d 78 (1965), *Fitzhugh* v.

*Goforth*, 228 Ark. 568, 309 S.W.2d 196 (1958); *Hankins* v. *City of Pine Bluff*, 217 Ark. 226, 229 S.W.2d 231 (1950). Appellants rely heavily on *Mebane* v. *City of Wynne*, 127 Ark. 364, 192 S.W. 221 (1917), for the proposition that unless the city accepts the dedication and puts the property to public use, the landowner can recall the dedication or the property can be adversely possessed. Appellants' reliance on *Mebane* is misplaced. The court in *Mebane* held there had been an acceptance of the street portions of the dedication, and stated:

> This court has steadily adhered to the rule that "an owner of land by laying out a town upon it, platting it into lots and blocks intersected by streets and alleys, and selling lots by reference to the plat, is held to have dedicated to the public use the streets and alleys and other public places marked on the plat and such dedication is irrevocable." *City of Hope* v. *Shiver*, 77 Ark. 177; *Davies* v. *Epstein*, 77 Ark. 221; *Dickinson* v. *Arkansas City Improvement Co.*, 77 Ark. 570; *Brewer* v. *Pine Bluff*, 80 Ark. 489; *Stuttgart* v. *John*, 85 Ark. 520; *Paragould* v. *Lawson, supra* [88 Ark. 478]; *Balmat* v. *City of Argenta*, 123 Ark. 175.

127 Ark. at 370.

More recently in *Wenderoth* v. *City of Ft. Smith*, 256 Ark. 735, 510 S.W.2d 296 (1974), the Arkansas Supreme Court stated:

> It is well established that whenever a dedicator-owner of land makes and files a plat and thereafter lots are sold with reference to it, as here, such constitutes an irrevocable dedication of any street or passageway for public use shown or indicated on the plat. Furthermore, whenever a dedication becomes irrevocable, a public authority can accept the dedication for public use whenever the necessity occurs.

256 Ark. 736-37 (citations omitted).

Applying this rule, the plat of Hayes Addition to the City of Conway was recorded and the land dedicated in 1917, and when the first lot was sold in reference to the plat, the streets became irrevocably dedicated. The two statutes prohibiting adverse possession of public property were enacted prior to

appellants' purchase of their property and, therefore, appellants could not adversely possess Maple Street.

Affirmed.

COOPER and ROGERS, JJ., agree.