The Honorable Shane Broadway State Representative 201 S.E. 2nd Street Bryant, AR 72022-4025
Dear Representative Broadway:
This is in response to your request for an opinion on the following question:
 Can a city legally pave a street, which has been used by the public for over 20 years without dedication and acceptance?
According to your correspondence, this question is asked with regard to a street in the City of Shannon Hills named "Joan" which extends into a gravel section. You state that after twenty-one years of public use, it is still gravel and that the question has been put to the City as to the legality of paving this section which has not been formally dedicated to the City.
RESPONSE
The answer to this question will, it seems, based upon the information provided, turn on whether the gravel section has become a public roadway through long use by the public, i.e., by prescription. A thorough review of the particular facts and circumstances will be necessary in order to make this determination. I am thus unable to offer a conclusive response, as I lack both the resources and the authority to act as a factfinder in resolving such matters. I will, however, set forth the relevant law surrounding the issue; but it should be recognized that this law will have to be applied and interpreted with reference to the development of specific facts.
It must be noted as an initial matter in addressing this question that "dedication" of public streets to public use can be accomplished by various methods other than formal dedication or the filing of a plat.See, e.g., Poskey V. Bradley, 209 Ark. 93, 189 S.W.2d 806 (1945) (by parole dedication); Porter v. Stuttgart, 135 Ark. 48 (1918) (by implied dedication), Ayers v. State, 59 Ark. 26 (1894) (by prescription). The information submitted with your correspondence suggests that the issue in this case likely turns on whether a public street has been established by prescription through long use by the public of the graveled portion of Joan Drive. If, in fact, the graveled section has long been used by the public in general other than as a means of access to a few homes in the vicinity, then it may well be that it has been dedicated as a public street by prescription. See, e.g., King v. Lovell, 255 Ark. 264,499 S.W.2d 859 (1973) (noting distinction between use of road by the public in general and a restricted user of private driveway with rights of egress and ingress). The city could, in that instance, legally pave the street and thereby accept the dedication. See, generally, Jonesboro v.Kirksey, 239 Ark. 205, 388 S.W.2d 78 (1965) (noting that acceptance by use can include the maintenance of the roads by the political subdivision). It should perhaps be noted, finally, however, that dedications by prescription need not be accepted. Bushmiaer v. City ofLittle Rock, 231 Ark. 848, 333 S.W.2d 236 (1960).
The issue regarding dedication by prescription is, of course, an intensely factual question, and as such cannot be resolved in the limited format of an opinion from this office. Resort to the judicial process may therefore be necessary to conclusively decide the matter, in the event a dispute remains following application of the relevant law to the particular facts at hand.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:eaw/cyh