The Honorable Sam Angel State Representative P.O. Box 748 Lake Village, AR 71653-0748
Dear Representative Angel:
I am writing in response to your request for my opinion on the following question:
 Can a city maintain streets in a gated community that denies public access? The area is annexed into the city but the city has not adopted the streets. However, the city does provide police and fire protection.
RESPONSE
In my opinion, the answer to your question is, in all likelihood, "no."
I am enclosing for your information Ark. Op. Att'y Gen. No. 99-202, in which my immediate predecessor addressed whether a city could legally pave a street that had never been formally dedicated and accepted by the city, but that had been used by the public for over 20 years. My predecessor correctly pointed out that a dedication of the street to and an acceptance of the street by the city were necessary conditions for the provision of city services. See A.C.A. § 14-301-102 (acknowledging that no dedication is effective until the city accepts the street). My predecessor concluded that the long-standing public use might well constitute a dedication by prescription, see Ayers v. State, 59 Ark. 26
(1894), and that the act of paving might well constitute an acceptance by use, see Jonesboro v. Kirskey, 239 Ark. 205, 388 S.W.2d 78 (1965).
Although establishing that a prescriptive dedication has occurred in any particular case involves a factual inquiry I am neither authorized nor equipped to undertake, I can generally opine that denying public access to a road is inconsistent with the conclusion that the road has been dedicated for public use. More specifically, I believe that expending city funds to maintain a road that is accessible only to the residents of a "gated community" would run afoul of Ark. Const. art. XII, § 5, which provides in pertinent part: "No county, city, town or other municipal corporation shall . . . obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual."[1]
This constitutional provision memorializes with respect to local government the general principle that no government can use public resources for private purposes. See, e.g., Pogue v. Cooper,284 Ark. 105, 679 S.W.2d 207 (1984); Cunningham v. Stockton, Judge,235 Ark. 345,359 S.W.2d 808 (1962); Needham v. Garner, County Judge, 233 Ark. 1006,350 S.W.2d 194 (1961). See also Chandler v. Board of Trustees of theTeacher Retirement System, 236 Ark. 256, 365 S.W.2d 447 (1963) (act that permitted members of private teachers' organization to participate in public retirement system was unconstitutional as appropriation of tax moneys to a private purpose); Holiday Island Suburban ImprovementDistrict #1 v. Williams, 295 Ark. 442, 446, 749 S.W.2d 314 (1988) ("[I]t is clear that ad valorem taxes could not be lawfully imposed upon the general public to maintain the cost of construction or maintenance of facilities used for private purposes.").
In my opinion, the conclusions set forth above are not affected in the least by the fact that the "gated community" has been annexed by the city and provided city police and fire protection. I assume the police and fire protection were listed in the mandatory schedule of services included in the annexation ordinance pursuant to A.C.A. §14-40-303(a)(2). However, the fact that the city has authorized police and fire services has nothing to do with the question of whether the city can authorize maintaining a private road. Even if the schedule of services included a provision for the maintenance of the road at issue, I believe this provision would offend Ark. Const. arts. XII, § 5 and XVI, § 13 if the road were deemed "private" under the standard discussed above.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
Enclosure
[1] Although you do not specify, I assume the "gated community" in question is subject to the oversight of a property owners' association, possibly a "planned community property owners' association" as defined at A.C.A. § 24-11-811(a). Whatever its organization, in my estimation the fact that the community is "gated" in itself renders the road that traverses it "private" for purposes of this analysis.