HOPE *v.* SHIVER.

Opinion delivered December 2, 1905.

1. APPEAL—WHEN ISSUE RAISED BELOW.—Where, in a suit against a town and its officers to restrain the opening up of an alley through plaintiff's land, the answer alleged the dedication of the alley, and defendants introduced evidence to prove such fact, the question as to whether

12

the alley was dedicated will be treated on appeal as having been put in issue. (Page 179.)

2. STREETS—DEDICATION BY PLAT.—When the owner of land makes a plat thereof, or adopts one made by some one else, and sells lots by reference thereto, this amounts to a dedication of the streets and public ways shown on such plat. (Page 180.)

3. DEED—PAROL EVIDENCE OF CONTENTS.—Parol evidence is inadmissible to prove the contents of a written conveyance, in the absence of proof that neither the deed nor a recorded copy thereof can be obtained. (Page 180.)

4. STREET—DEDICATION—FILING OF PLAT.—The mere fact that certain parties who did not own certain land had made a plat of it, showing streets and alleys, and had it recorded did not constitute a dedication as against the owner of the land. (Page 180.)

5. INJUNCTION—AGAINST OPENING ALLEY.—An injunction to restrain a town from opening up an alley will be denied where defendant's evidence, uncontradicted, established the existence of the alley, and the preponderance of the testimony showed that plaintiff's possession was by permission of the town council. (Page 181.)

6. SAME.—The fact that the opening of an alley may necessitate the destruction of shade and fruit trees belonging to plaintiff and thereby cause him some injury is not sufficient reason to justify the courts in interfering by injunction. (Page 182.)

Appeal from Hempstead Chancery Court; JAMES D. SHAVER, Chancellor; reversed.

*Jas. H. McCollum,* for appellants.

1. The complaint alleged title by adverse possession only, and the court's finding upon an issue not raised by the pleading —that the alley had never been dedicated—was error. 13 Ark. 88; *Ib.* 187; 30 Ark. 612; 41 Ark. 393; 46 Ark. 96; 49 Ark. 94; 70 Ark. 319.

2. The burden was upon plaintiff to establish adverse possession. 65 Ark. 422. Possession by permission is presumed to continue until actual notice of adverse and hostile holding is brought home to the true owner. 33 Ark. 633; 42 Ark. 118; 43 Ark. 469; *Ib.* 504; 18 Am. St. Rep. 533; 35 *Id.* 613; 39 *Id.* 45; 47 *Id.* 239; 76 *Id.* 834.

3. The annexation of the land, the approval and recording of the plat thereof, showing and designating the alley, constituted a dedication of the streets and alleys thereon. 2 Dembitz, Land Titles, 1377; 42 Ark. 66; 58 Ark. 494. Plaintiff, by obtaining permission to close the alley and agreeing to open it when

directed to do so, is estopped to deny its dedication.  63 Ark. 5;
57 Am. St. Rep. 740.

*Jobe & Hervey* and *Greene & Graves,* for appellee.

RIDDICK, J.   This is an action by Walter Shiver to enjoin
the officers of the incorporated town of Hope from tearing down
fences and enclosures and opening up an alley through block No.
four, all of which is owned by plaintiff except two small lots
which do not abut on the alley which the town claims extends
through the block.   The part of the block owned by the plaintiff
has with the alley been inclosed by a fence constructed by the
plaintiff for over seven years before he commenced this action, and
he claims that if any such alley ever existed the town has lost the
right to open it by statute of limitations and adverse possession
thereof on the part of the plaintiff.   But we think the preponder-
ance of the evidence shows that the possession on the part of the
plaintiff was by permission of the town council, and that plaintiff
acquired no rights against the town by such possession.

The main question in the case, as we see it, is whether any
such alley was ever dedicated to the public by the owners of the
land, for there is no pretense that the public acquired the alley
in any other way.   The chancellor found that no such alley had
ever been dedicated, and that it did not exist, and his judgment,
enjoining the town officers from proceeding to open it without
proper condemnation proceedings, was based on that finding.

The first contention of appellant on that point is that no such
question was raised by the pleadings, and that the chancellor had
no right to dispose of the case on such an issue.   But, while it
is true that the complaint does not deny that such an alley had
been dedicated, yet this issue was raised by the defendants.   Their
answer was not confined to a denial of the adverse possession
alleged by plaintiff, but it went further and alleged that the alley
in question was shown on the original plat of the town of Hope,
and that it "had been recognized and treated as such by the plain-
tiff and all other persons since the incorporation of the town"
down to the bringing of this action.   The defendants not only
alleged that the alley had been dedicated in this way, but they
introduced evidence to prove it, and by so doing put the question

in issue.    Having themselves introduced evidence and invited the decision of the court on this point, it is too late now to make objection on that ground, for the pleadings will be treated as amended so as to conform to the evidence and the judgment.

The evidence shows that the town of Hope was incorporated in 1875, and the territory in which the block is located was annexed to the town in 1876.    A plat of the town accompanied the petition for annexation, which was filed in the county court. The court at the time named made the order of annexation, and also approved the plat, and ordered it recorded as the official plat of the town, which was done.    The testimony of this witness, whose depositions was read for the town, shows that Allen & Marquand were at that time the owners of this land, and that they adopted and approved this plat by conveying lots in accordance therewith and by referring to the plat for the more definite description and location of the lots.    The block in question is shown on the plat as block four, divided into twelve lots and with the alley across it.    These lots, according to the deposition of the witness referred to, were afterwards sold in accordance to the plat.    They are, as shown by the abstract furnished by this witness, described in the deed to plaintiff as lots in block four of the town of Hope, giving the number of each lot as shown on the plat, though no express reference to the plat is made in the deed to plaintiff.    These acts of the owners of the land show an intention to dedicate the streets and alleys shown on this plat.

The acts of the town council in assuming control over them show an acceptance.    In other words, if the evidence by which the facts above stated were established was competent, a dedication is shown; for it is well established that when the owner of land makes a plat thereof, or adopts one made by some one else, and sells lots by reference to the maps, this amounts to a dedication of the streets and public ways shown on the map.    9 Am. & Eng. Enc. Law, 57, 59, and cases cited.

But there is a question as to the competency of this evidence. It was objected to by plaintiff as incompetent, and the chancellor seems to have disregarded it in arriving at his conclusion.    This witness, as before stated, testified that Allen & Marquand were the owners of this land at the time the town was located, and that they subsequently made conveyances of the lots shown on the plat,

and referred in their deeds to the plat for description of the lot. The witness filed an abstract showing title in Allen & Marquand, and showing that the plaintiff derived his title through them. But the deeds in which such references were made were not introduced, nor was there any showing made that these deeds or a recorded copy thereof could not be obtained. We are therefore of the opinion that this evidence was incompetent. Leaving that evidence out of consideration, no dedication is shown, for the mere fact that certain parties who did not own this land had made a plat and had it recorded did not constitute a dedication against the owner of the land. And, as there was no competent evidence that the owners of the land had ever adopted the plat or conveyed lots with reference to it, there was no evidence of a dedication by them, or as against them.

The case then stands in this attitude: Plaintiff brought suit against the officers of the town to enjoin them from opening this alley, alleging that he had held adverse possession thereof for over seven years. The town denied that the possession was adverse, and alleged that an alley was shown on the original plat of the town, and that its existence had been known and recognized by all persons including plaintiff since that date. Evidence, about the competency of which there is no doubt, showed that in 1876, when the territory in which plaintiff's block is located was annexed to the town, a plat of the town was filed with the petition in the county court. The court ordered this plat recorded as a correct plat of the town, and it was recorded. The plats show the town laid off into blocks, lots, streets and alleys, and the alley in question across block four owned by plaintiff appears thereon. Plaintiff himself afterwards recognized the existence of the alley by applying to the town council for permission to inclose it with his lots. True, he denies that he did this, but, as before stated, we think the preponderance of the evidence is clearly against him on this point. An order granting him permission to close the alley on condition that he open it whenever directed to do so by the council appears on the record of the proceedings of the town council for 21st of June, 1892, and the evidence shows that this order was made at his request.

Now, plaintiff is asking for an injunction, and the burden is on him to make out his case by showing that no such alley existed.

But he confined his evidence to the question of adverse possession only, while the evidence on the part of the town not only shows that his possession was permissive and not adverse, but it shows that, by his action in asking permission of the council to close the alley and by his promise to reopen it when directed, he admitted that there was such an alley. There is nothing to disprove the existence of the alley to the contrary, and we are of the opinion that plaintiff failed to make out a case for an injunction.

While alleys, considered as public ways, are intended mainly for the convenience of the abutting lot owners, yet there are many other uses therefor besides travel in which the public are interested, such as for the laying of sewerage and water mains and the erection of telephone, telegraph and electric light poles, and for this reason our statute places them and other ways under the control of the municipal authorities, when located.

The fact that the opening of this alley may necessitate the destruction of shade and fruit trees belonging to plaintiff and cause him some injury is not sufficient reason to justify the courts in interfering by injunction.

The judgment is reversed, and the cause remanded with an order to dismiss the complaint for want of equity.