Loyd v. Planters' Mutual Insurance Association.

Opinion delivered November 12, 1906.

1. Insurance—insurable interest of husband in wife's property.— The mere fact that a husband was surety for a debt for purchase money of his wife's realty did not constitute an insurable interest in such property where he had expended nothing by reason of such suretyship. (Page 487.)

2. Husband and wife—curtesy initiate.—The husband's estate by the curtesy initiate in his wife's realty which existed at common law was abolished in the Constitution of 1874. (Page 488.)

Appeal from Little River Circuit Court; *James S. Steel,* Judge; affirmed.

*L. A. Byrne,* for appellant.

1. Appellant having become as surety for his wife on the bond for purchase money under the sale had on December 22, 1896, this constituted an insurable interest in favor of appellant. 1 Wash. 409; 95 U. S. 549; 13 B. Mon. (Ky.), 311; 86 Pa. St. 493; 15 Fed. 707; 1 Biddle on Ins. § 179; May on Ins. § 82.

2. Appellant and his wife having had born unto them a living child, which afterwards died, this gave appellant title to the wife's lands by the curtesy initiate. 15 Ark. 465; 47 Ark. 175; 60 Ark. 70. Title by curtesy is good against creditors of the wife, and will support a claim of homestead. 64 Ark. 353; 66 Ark. 382. And title by the curtesy, either initiate or consummate, creates an insurable interest in favor of the husband. 2 B. Mon. (Ky.), 47; 181 Mass. 139; 45 N. J. L. 453; 50 Pa. St. 341; 4 Leg. (Pa.), 354; 11 Can. Sup. Ct. 212; 11 Kan. 553; 18 Md. 26; 42 Ia. 11; 120 Ind. 554; 1 Biddle on Ins. § 177; May on Ins. § 81; 71 Ark. 292. See, also, *Ib. 242.*

*J. W. & M. House,* for appellee.

1. If appellant became surety for his wife for the purchase money, his liability was merely contingent. The property itself was primarily liable for the debt. A mere contingent or possible interest which may or may not arise in the future is too uncertain and remote to create an insurable interest. Ostrander on Ins. 212, § 61; 6 Cow. (N. Y.), 318; 1 Term Rep. 304; 2 Bing. 185; 66 N. E. 922; 81 S. W. 335; 5 Hun (N. Y.), 321; 49 Conn. 167.

2. There is in this State no such thing as title by the curtesy initiate, since the adoption of the present Constitution and the passage of the "Married Women's Act" of April 28, 1873, nor does it exist elsewhere where similar constitutions and statutes are in force. 19 L. R. A. 256; 128 Ill. 105; 75 Ill. 449; 51 Ill. 209; 103 Ill. 125; 30 Mass. 422; 18 N. J. Eq. 204; 46 Am. Rep. 740; 47 Ark. 175; 60 Ark. 70; 64 Ark. 353; 58 Ky. 523; 83 Me. 362; 40 Mass. 241; 158 Pa. 459; Ostrander on Ins. 212, § § 61, 62; *Ib.* 216, § 63.

Hill, C. J. This is the third appearance of this case here. See *Planters' Mutual Ins. Co.* v. *Loyd,* 67 Ark. 584, and *Planters' Mutual Ins. Co.* v. *Loyd,* 71 Ark. 292. On the third trial the court directed a verdict for the insurance company, and Loyd appealed.

It is contended that facts were brought out on the last trial not heretofore in the record which entitled appellant to go to the jury on the new issues. The matters relied upon are these: (1) That Loyd had an insurable interest in the property by virtue of being surety on a bond for the purchase price of the property; and (2) that he had an insurable interest by reason of an estate by the curtesy initiate in the property.

1. The facts regarding the suretyship brought out on the last trial were these: Kiser obtained judgment against Loyd for $74 for material going into the construction of the house covered by the insurance policy in suit, and the property was sold under it on 22d December, 1896. Loyd bought it in his wife's name, and he and Kinsworthy went on the bond for purchase money. On January 25, 1897, this insurance policy was written for a term of three years, $750 on the house and $250 on the personalty, and on March 2, 1897, it was destroyed by fire. Kinsworthy paid the bond, whether before or after the fire is not disclosed.

The contention is that the suretyship on this bond gave Loyd an insurable interest in the property, for whose purchase it was given, in that he could be subrogated to the lien of the payee when he discharged it, and, the policy being entire and a valued one, the insurance had something to rest upon, and was not a "wager contract."

Cases are cited to sustain this contention where creditors, sureties and guarantors were, under the facts of those cases, held

to have an insurable interest in the property for which their obligation was incurred. These cases have been critically examined, but none has been found among them, nor in an independent research into the subject, which sustains such a remote and uncertain interest in the property as the one in question to be an insurable interest which will support a policy asserting ownership in the assured. Here there is a bare suretyship for a debt not due when the policy was written, and the debt is only one-tenth the insured value of the house; and there is no showing of any necessity to resort to this property for indemnity in case of default by the principal; neither when the policy was written nor when the fire occurred had Loyd expended one cent by reason of his suretyship, nor at any time since, as the bond was paid by Kinsworthy, the other surety. Loyd never had any lien upon the property, in law or equity, nor any control or custody of it as security for his liability. Instances where sureties, guarantors and indorsers have an insurable interest in the subject-matter for which their suretyship, guaranty or indorsement was given may be found in I May on Ins. § § 80-83, and notes. The facts herein do not bring Loyd within any of the principles which give sureties an insurable interest in the subject-matter for which the suretyship was incurred.

2. Proof was made that a child was born alive of the marriage of Dr. and Mrs. Loyd, and it is argued that this created in him an estate by the curtesy initiate in his wife's realty. At common law, and in this State until the adoption of the Constitution of 1874, this would have created such estate in the husband, and such estate is an insurable interest. I May on Ins. § 81 and authorities cited.

It was held in *Neely* v. *Lancaster,* 47 Ark. 175, and reiterated in *Hampton* v. *Cook,* 64 Ark. 353, that the Constitution has abolished this estate, and only left the possibility of the estate by the curtesy consummate. Other questions were pressed in oral argument, but they are not open to the court now, having been settled in former appeals.

Judgment affirmed.