BROOKFIELD *v.* BLOCK.

Opinion delivered March 27, 1916.

1. DEDICATION—STREETS AND ALLEYS.—Where owners of land lay out a town or an addition to a city or town, platting it into blocks and lots, intersected by streets and alleys, and sell lots by reference to the plat, they thereby dedicate the streets and alleys to the public use, and such dedication is irrevocable.

2. DEDICATION—STREETS AND ALLEYS—ACCEPTANCE.—Where lots have been sold with reference to a plat, no formal acceptance by the city or town is necessary, as by that act the dedication becomes irrevocable.

3. DEDICATION — STREETS AND ALLEYS — SUBSEQUENT DEED — RESERVATIONS.—Where the owner of property has filed a plat of the same as an addition to a city, he can not by a subsequent deed to a purchaser reserve to himself any interest in the alleys, which had been already dedicated to the public.

Appeal from Cross Circuit Court; *W. J. Driver,* Judge; affirmed.

*J. C. Brookfield,* for appellant.

1. The property reverted to plaintiff under the provisions of her dedication deed when the alley ceased to be used by the public.  24 Ark. 105; 91 Ark. 407; 99 *Id.* 404; 35 *Id.* 70; 34 *Id.* 534; 103 *Id.* 425; 28 *Id.* 282; 98 *Id.* 570; 13 Cyc. 611.

*Block & Kirsch,* for appellee.

1. Where it affirmatively appears that certain evidence was used at the trial is not in the record, it is conclusively presumed that it warranted the judgment.  The plat nowhere appears in the record.  8 Ark. 439; 77 *Id* 195; 72 *Id.* 182; 45 *Id.* 240.

2. All the interest of appellant passed to Merriman under her deed.  Appellant failed to show title.

Hart, J.  Nannie E. Brookfield instituted this action in the circuit court against R. Block to recover possession of a strip of land twenty-four feet wide by ninety-six feet long in the west half of block five in the town of Wynne in Cross County, Ark.

On the 24th day of May, 1883, Joshua Brookfield and Nannie E. Brookfield, his wife, conveyed by warranty deed to B. B. Merriman, "the west half of block number five in accordance with the plat of the town of Wynne in said county now on file in the office of the recorder of said County of Cross."  On the 28th day of March, 1890, plaintiff filed for record a dedication deed as follows: "Know all men by these presents that I, Elizabeth Brookfield, for and in consideration of the sum of one dollar to me in hand paid, the receipt of which is hereby acknowledged, do hereby grant, sell and quit claim unto the inhabitants of the town of Wynne in the County of Cross and State of Arkansas, all the streets and alleys as designated and platted on this map for the use of the public as highways, and when said streets and alleys cease to be so used, then the same to revert and belong to me."  The property in question was formerly an alley in the west half of block number five in Brookfield's Addition to the town of Wynne.  It has

since been enclosed and occupied by various persons. The alley is not now used by the public but it is claimed by the defendant Block. The court directed a verdict in favor of the defendant and from a judgment dismissing her complaint the plaintiff has appealed.

The plaintiff formerly owned the acreage property of which the piece of property in question was a part. It is the contention of counsel for the plaintiff that the property in controversy reverted to her under the provisions of her dedication deed when the alley ceased to be used by the public. It may be stated here that none of the maps or plats of the town of Wynne referred to in the briefs are copied in the transcript.

(1) It is well settled by the decisions of this court that where owners of land lay out a town or an addition to a city or town, platting it into blocks and lots, intersected by streets and alleys, and sell lots by reference to the plat, they thereby dedicate the streets and alleys to the public use, and that such dedication is irrevocable. *Stuttgart* v. *John,* 85 Ark. 520, and cases cited; *Simon* v. *Pemberton,* 112 Ark. 202, and cases cited.

(2) It will be noted that the deed from Mrs. Brookfield and husband to B. B. Merriman conveys "The west one-half of block number five in accordance with the plat of the town of Wynne now on file in the office of the recorder of said county of Cross." The plat referred to in the deed is not in the transcript. So we can not know whether or not there were any alleys laid off on the plat. If there was no alley laid off on the plat, then the property in controversy being a part of the west one-half of block five passed by the deed from Mrs. Brookfield to Merriman. If by the plat referred to in the deed from Mrs Brookfield to Merriman, the alleys were laid off, they were dedicated to the public by the sale of the lots in the block and the dedication became irrevocable. Under the authorities referred to above where lots have been sold with reference to a plat, no formal acceptance by the city or town is necessary, as by that act the dedication becomes irrevocable.

(3) The dedication deed upon which Mrs. Brookfield relies for title was not executed until 1890, several years after the deed from her to Merriman was executed. She could not by that deed reserve to herself any interest in the alleys which had been already dedicated to the public. As we have seen the plat referred to in the deed from Mrs. Brookfield to Merriman is not in the record and the title to the lot in question either passed to Merriman by that deed or it was laid off as an alley on the plat referred to in that deed, and was irrevocably dedicated to the use of the public when the lots in the block were sold. In either event the title to the property in question was divested out of Mrs. Brookfield when she executed the deed to Merriman and it is well settled in this State that a plaintiff in ejectment must recover on the strength of his own title.

It follows that the court was correct in directing a verdict in favor of the defendant and the judgment will be affirmed.