## PORTER *v.* CITY OF STUTTGART.

### Opinion delivered June 24, 1918.

1. LIMITATIONS—TITLE AS AGAINST A CITY.—Under Kirby's Digest, § 5593, title by adverse possession can not be acquired against cities of the first and second class.

2. DEDICATION—IMPLIED DEDICATION—ESTOPPEL.—A dedication may be implied as well as expressed, and one may estop himself to deny that there has been a dedication.

3. DEDICATION—STREETS AND ALLEYS—ESTOPPEL OF ONE WHO CLAIMS UNDER A PLAT.—One who claims title under the plat of an addition, and acts with reference thereto, even though the name of the person filing the plat is unknown, is estopped to dispute the terms of the said plat.

Appeal from Arkansas Chancery Court; *Jno. M. Elliott*, Chancellor; affirmed.

*Robert E. Holt* and *Rose, Hemingway, Cantrell, Loughborough & Miles,* for appellant.

1. A dedication by one not the owner is ineffectual. 2 Greenleaf on Ev. § 663; 14 Mich. 12; 90 Am. Dec. 220; 47 Neb. N. W. 633; 37 *Id.* 956; 61 S. E. 951; 6 So. 656; 76 Ind. 244; 47 N. W. 633.

Porter has a perfect record title and to defeat his title a valid dedication by the holder of the title or his predecessor must be shown.

2. There is no presumption in favor of the title of a dedication. Proof of ownership is necessary. 28 So. 700; 37 N. E. 956-9.

3. The burden of proving a valid dedication is on the party who sets it up. 25 Pac. 386; 51 Md. 607; 21 N. Y. 477; 1 Ore. 405; 63 Ark. 5-8-9; 61 S. E. 951; 5 S. E. 148; 23 S. E. 211; 51 Ia. 373; 77 Ia. 69; 36 Mo. 532. There is no presumption of dedication. 180 U. S. 92-102.

4. Defendant acquired no right by estoppel. 89 Ark. 349, 353; 33 *Id.* 465; 125 *Id.* 146-150; 96 U. S. 659, 666; 30 S. E. 444; 14 Mich. 12; 90 Am. Dec. 220; 107 Cal. 166; 40 Pac. 235; 36 Mo. 332. The city can not reply on estoppel. 123 Ark. 175; 127 *Id.* 371. See also 36 Mo. 332; 107 Cal. 166.

5. To constitute a dedication there must be a present intent to appropriate to public use. Porter never intended to dedicate. 63 Ark. 5-8-9; 41 Atl. 911; 58 Pac. 190; 21 *Id.* 52; 107 Cal. 166. See also 41 Atl. 911; 107 Cal. 166.

6. This strip has never been used as an alley. There never was any dedication by Henry Flood or those claiming under him; nor were they barred by any petition to incorporate the town. Nor did Flood own the land when the petition was signed and presented to the county court.

*Pettit, Manning & Pettit,* for appellees.

1. Porter recognized the dedication of the alley and streets, Henry Flood and others having title by their petition in the county court had Stuttgart incorporated, thus dedicating the streets and alleys to public use.

2. The control of the city over alleys or streets is not lost by one taking possession, even when the holding is exclusive and adverse for seven years. Act May 27, 1907. The city holds interest for the public. 98 Ark. 158-9.

3. An owner by laying out a town into blocks, streets and alleys and selling lots by reference to the plat, dedicates the streets and alleys to public use and such dedication is irrevocable. 77 Ark. 221; 88 *Id.* 478; 98 *Id.* 158-9; 88 *Id.* 481.

4. Alleys are public ways the same as streets. 88 Ark. 533; 77 *Id.* 177. Adverse possession can never ripen into title. 80 Ark. 489. Where an owner makes and records a plat, showing blocks, streets and alleys a subsequent sale of lots is a dedication. 80 Ark. 489. See also 3 Dillon on Mun. Corp. (5 ed.) § 1073-4.

5. Intent to dedicate is presumed from user for prescriptive period. *Ib.* § 1080-3, 1086-7, etc.; 8 R. C. L. § 18. See also 85 Ark. 520; 62 *Id.* 408. Porter is estopped by his acts and by sale of lots with reference to the plat and the incorporation of the city.

SMITH, J. This suit involves a controversy over the title to a strip of land which the appellant Porter claims by purchase and the city claims as an alley. Porter, who was the plaintiff below, claims title by virtue of a chain of conveyances beginning with one by the admitted owner and coming down to himself, in which the land conveyed is described by metes and bounds and included the strip in controversy. The city claims title to it as an alley under a plat which was filed in the office of the recorder of Arkansas County on February 28, 1887. The plat bears a certificate of the county surveyor that it "is a true copy of lots laid off on Har-

per's land.'' Unless the fact that he made the certificate implies that he filed the plat, there is nothing on its face to indicate who did file it.

The complaint alleges that Porter is the owner of the tract, and that he acquired title by a conveyance from C. M. Johnson and wife, and that Johnson had acquired title by a conveyance from Henry Flood, dated June 26, 1902, Flood having acquired title by mesne conveyance from the Government. That Porter had had adverse possession for more than seven years, and that in addition to his paper title he had acquired title by virtue of his possession. That the city claimed a strip through it as one of its alleys and had authorized its marshal and street commissioner, who were made defendants, to open it as an alley for public use. That plaintiff Porter was then in possession and had been using it for more than seven years as a lumber yard and had a shed extending over a part of it, and that it was, and during all that time had been, a part of his lumber yard. That the officers of the city were about to remove his lumber and open the alley for public use and travel. That the alley had not been dedicated or conveyed to the city by the owner thereof or used by the public as an alley or thoroughfare. There was a prayer for a restraining order enjoining the defendants from entering upon the land or interfering with the plaintiff's use of it, and that his title be quieted against the city.

The answer denied that Porter was the owner of the land or that he had been in the actual, continuous and adverse possession thereof for more than seven years. It admits that it claimed the land in question as an alley and had directed its officers to open it to the public use as such.

An agreed statement of facts was filed which contained the following recitals: That the incorporated town of Stuttgart was made a city of the second class on December 23, 1897, and that it continued as a city of the

second class until February 22, 1917, when it became a city of the first class.

That an exhibit attached thereto was a true copy of the original plat of blocks 1, 2 and 7 of I. N. Harper's Addition to the City of Stuttgart, embracing and including blocks 1, 2 and 7 in said Harper's Addition, and showing the dedication of the streets and alleys, the blocks and lots numbered thereon, and that the alley in said block 1, which is the subject of this suit, is shown thereon.

The said plat with the streets and alleys shown thereon and so subdivided, showed the strip of land in litigation to be a part of one of the alleys and was filed December 27, 1886, and has been at all times since recognized as the subdivision into blocks, lots, streets and alleys of the incorporated town of Stuttgart, and subequently the City of Stuttgart as a city of the second class, and now the City of Stuttgart as a city of the first class.

That the officers of the incorporated town of Stuttgart, and afterwards the City of Stuttgart, have at all times dealt with and recognized said plat and subdivision, showing the blocks, lots, streets and alleys therein described as the blocks, lots, streets and alleys in said incorporated town and city, and that all persons owning lots in blocks 1, 2 and 7 and other blocks in I. N. Harper's Addition, as shown by said plat, have separately assessed the lots therein shown for taxation, executed and accepted conveyances by deeds and otherwise to the respective lots numbered and described and shown by said plat, and that J. I. Porter has executed deeds and purchased lots in said block 1 and other blocks in said I. N. Harper's Addition as shown by said plat.

It was further stipulated and agreed that the town of Stuttgart, prior to 1897, was comparatively a small place in point of population; that it has grown from 1897 to this date until it is a city of the first class having a population of five thousand people.

It was also agreed that neither Harper nor any one else had filed any dedication deed.

There was offered in evidence the petition to incorporate the town of Stuttgart, from which it appears that one Henry Flood was a signer of the petition and that three days after the order of incorporation he acquired title to the area in controversy, it being included in the conveyance to him of a five acre tract of land. The judgment of the county court incorporating the town was entered of record August 5, 1889.

The prayer of the complaint was that the officers of the city be restrained from interfering with the land in question. But the court below refused the relief prayed. It found that the petition by Flood and others to the county court and its orders thereon was an express dedication of all the streets and alleys through any and all of the lands mentioned in the petition which Flood and others had at that time or afterwards acquired, and held as a matter of law that Porter, by recognizing said plat and making and accepting conveyances according to it, is estopped from objecting to it or to any claim on behalf of the city to it, and declared the law to be that if an owner of land, who plats and sells it according to the plat, dedicates the streets and alleys, that a subsequent owner, who sells according to the plat, thereby adopts such dedication as his own.

[We do not find it necessary to approve the law thus broadly stated by the court to approve the decree of the court below refusing to enjoin the officers of the city from opening up the alley. Porter did not appropriate the land to his exclusive use until after Stuttgart became a city of the second class. He took possession of a portion of the alley in 1908, but there was testimony that even thereafter the public continued such use as it desired to make of the alley until 1910, when it was enclosed. Porter obtained his deed July 17, 1907, which was about ten years after Stuttgart became a city of the second class and eighteen years after it was first incorporated and twenty-one years after the filing of

the plat. During all this time Stuttgart was growing rapidly and all of the numerous conveyances of town lots were made with reference to the plat above referred to. A number of such conveyances were to and from Porter himself. It was shown that the city did not improve the alley, but it was not shown that any improvement was necessary to adapt it to the public use as an alley.

(1) It is apparent that Porter did not acquire title by adverse possession, for it was provided by statute, during the period of his occupancy, that title could not be thus acquired against cities of the first or second class. Kirby's Digest, sec. 5593, subdivision 3.

(2) The court below assumed the facts to be, in the absence of proof to the contrary, that the plat in question had been filed by the owner. If the correctness of this assumption were conceded, there could be no question about the dedication. Such action on the part of the owner is an express dedication, and when once made is irrevocable. But, as has been said, we do not find it necessary to go to the extent to which the court below went in its declaration of law to support its decree. A dedication may be implied as well as expressed, and one may estop himself to deny that there has been a dedication, and we think that doctrine is applicable here. The following are cases substantially to that effect: *Hope* v. *Shiver,* 77 Ark. 177; *Davies* v. *Epstein,* 77 Ark. 221; *Brewer* v. *Pine Bluff,* 80 Ark. 489; *Stuttgart* v. *John,* 85 Ark. 520; *Paragould* v. *Lawson,* 88 Ark. 478; *Frauenthal* v. *Slaten,* 91 Ark. 350; *Matthews* v. *Bloodworth,* 111 Ark. 545; *Brookfield* v. *Block,* 123 Ark. 153; *Mebane* v. *City of Wynne,* 127 Ark. 364; *Holly Grove* v. *Smith,* 63 Ark. 5.

(3) Here the testimony does not show who filed the plat, but it does show that this plat defines the lots and blocks and streets and alleys of the City of Stuttgart and that it has been so accepted by every one since the time it was filed. This acquiescence has been without exception and Porter along with all others has

treated it as the authentic and correct plat of Stuttgart. Interminable confusion might now arise if this plat were disregarded because its original authenticity is not established.

After stating the law to be that dedication of streets and alleys may be made by the filing of a plat showing the existence of such streets and alleys as well as by executing and recording a deed for that purpose, 8 R. C. L. page 894, states the law to be "That plat need not be made by the owner, and where he sells lots in con-- formity to the city map on which his property is laid out into blocks, streets, avenues and squares, such recognition of the plat is a dedication to public use; he adopts the map by reference thereto." See also *Hope* v. *Shiver,* 77 Ark. 177. And in the same volume of R. C. L. in the article on Dedication, page 906, it is said: "A common law dedication does not operate as a grant, but by way of estoppel *in pais.* This doctrine is adopted from necessity for lack of a grantee capable of taking. The dedication, therefore, is regarded not as transferring a right, but as operating to preclude the owner from resuming his right of private property, or indeed any use inconsistent with the public use. The ground of the estoppel is that to reclaim the land would be a violation of good faith to the public and to those who have acquired private property with a view to the enjoyment of the use contemplated by the dedication, and, in case of sale with reference to plat, that the easements and servitudes indicated by the plat constitute a part of the consideration for which all conveyances referring to the plat are made, and therefore no person, while claiming under the conveyances, can be permitted to repudiate them or to deny that they exist where they are capable of existing." A number of cases are cited in support of the text, several of which are annotated cases.

A similar statement of the law is contained in Volume 1, Elliott, Roads and Streets (3 ed.), sec. 137.

We conclude, therefore, that under the facts of this case Porter is now estopped to question the authenticity

of this plat, and the decree of the court below is therefore affirmed.