LOVE *v.* HICKS.

4-8647                            215 S. W. 2d 138

Opinion delivered November 29, 1948.

*Harry B. Colay,* for appellant.

*Keith & Clegg,* for appellee.

ROBINS, J. This appeal involves question of ownership of a strip of land 20 feet wide east and west and 140 feet long north and south lying alongside and east of lot 8 of block D of J. Y. Stevens Subdivision of the City of Magnolia, Arkansas. Asserting ownership, but not possession, of this land, appellants brought suit in the lower court asking that a certain deed, by which the heirs of J. Y. Stevens conveyed the property to appellees, be cancelled as a cloud on their title, and that the title there-

to be vested in appellants. The answer of appellees was a general denial. By the decree of the lower court appellants' complaint was dismissed for want of equity; and they have appealed.

There is no dispute as to the facts. The land in controversy is part of certain acreage property owned at his death by the late Judge J. Y. Stevens. After Judge Stevens' death his heirs caused to be made a plat of this property, designating it "J. Y. Stevens Subdivision," and this plat was filed for record in the office of the recorder on February 27, 1939. Five blocks, designated as blocks A, B, C, D, and E, were delineated on the plat. Block "A" was the southernmost block and the other blocks, in alphabetical order, lay north of block "A." The plat showed certain streets running east and west between these blocks, which streets were designated by name and the width thereof shown to be 40 feet. No alleys intersecting any of the blocks were shown. Running along the entire east side of this addition (approximately 1,500 feet) there was shown a vacant space 20 feet wide. This space is not designated on the plat as a street or as an alley.

After filing this plat the Stevens heirs sold to various people lots as shown in the plat. On August 29, 1945, they conveyed to Weldon Furr and Evelyn Furr lots 6, 7, and 8 of block D of the J. Y. Stevens Subdivision to Magnolia. The deed described lots 6 and 7 as each having a frontage of 25 feet and lot 8 a frontage of 41 feet, and this frontage was the same as shown for these lots on the plat. On February 11, 1946, Weldon Furr and Evelyn Furr conveyed the property, under the same description, to appellants.

In their complaint appellants set up their ownership of said lot 8 conveyed to them by Weldon Furr and Evelyn Furr and also the 20-foot strip lying east thereof and alleged that the 20-foot strip lying east of lot 8 of block D was taken from said lot when same was dedicated to the town of Magnolia as a street. They further alleged that the said strip had never been used by the City of Magnolia as a street and had been legally abandoned and as

a result thereof ownership of said strip had reverted to appellants as adjacent landowners; and that the City Council on the 25th day of August, 1947, by resolution, authorized the Mayor and Recorder to. convey said strip to them, and that, in accordance with said resolution, said deed had been executed. They also averred that they had paid the taxes on said property for the years 1945 and 1946. The deed executed by the heirs of J. Y. Stevens to appellees W. H. Hicks and Helen Hicks on September 11, 1947, conveying said 20-foot strip of land was alleged to be a cloud on the title of appellants, and its cancellation was demanded.

The testimony tended to show that the strip of ground in controversy had never been improved by the city nor had it been generally used as a street or alley. It appeared that on September 11, 1946, the City Council of the City of Magnolia adopted a resolution reciting the filing of the plat and the further fact that the City of Magnolia had never accepted the 20-foot strip and had no interest therein and no claim thereto and the Council authorized the Mayor and Recorder to execute a quitclaim deed to the *platter of the addition* and a disclaimer of any interest in or acceptance of the dedication of said property. The litigation resulting in this appeal does not involve a proceeding under Act 17 of 1945, as amended by Act 88 of 1947. This deed was executed on September 12, 1946, by the Mayor and the Recorder and was recorded on the 4th day of November, 1946. Almost a year after that time the City Council adopted another resolution authorizing the Mayor and Recorder to execute a quitclaim deed to appellants conveying to them the strip of land in dispute in this case.

Appellant John F. Love testified that he had not been claiming the 20-foot strip all the time and didn't know it belonged to him until he got the deed from the city; that the question of ownership arose when he asked the city about paying taxes on something he didn't own, and he thereupon obtained deed thereto from the city.

Mrs. Effie S. Jones, a daughter of Judge Stevens, testified that when the land was platted by her and the

other Stevens heirs they left the 20-foot strip vacant for the purpose of having a street there in event they could get Mr. Burton, an adjacent owner, to give an equal amount of land, but that Mr. Burton refused to do so, and that the street was never opened for that reason. It further appeared that at one point a garage had been built on this 20-foot strip and that a portion thereof·had been sold to some other person, all of this occurring before appellants bought their lots.

For reversal it is contended by appellants that there was an irrevocable dedication of this 20-foot area by the Stevens heirs and that upon abandonment thereof the title reverted to adjacent owners, under the rule announced in *Beebe's Heirs* v. *City of Little Rock,* 68 Ark. 39, 56 S. W. 791, and other cases of similar tenor.

We conclude that the preponderance of the evidence in this case was to the effect that there had never been a complete dedication of the property in question. Ordinarily the filing, by the owners, of a plat showing streets and alleys and the sale of lots by them in accordance therewith constitutes a dedication of such thoroughfares. *Hope* v. *Shiver,* 77 Ark. 177, 90 S. W. 1003. But in the case at bar the evidence shows that this strip was not designated as a street or as an alley on the plat, and the testimony of Mrs. Jones (which was competent to explain the uncertainty reflected by the plat and the fact that no thoroughfare had been opened), taken in connection with the resolutions passed by the City Council, shows conclusively that there was no such dedication of this strip as would divest title out of the heirs of Judge Stevens. This is not a suit to enforce a right to an easement, and estoppel against the makers of the plat to deny use of the strip as a thoroughfare is not invoked. In fact, the sole claim of appellants to ownership of the disputed strip is through the asserted failure of dedication and reversion to them as owners of the abutting lot.

Since it clearly appears that the original owners did not lose title to the property in question through dedication, we conclude that the lower court correctly

held that appellants had never become owners of the land in dispute. The decree of the lower court is accordingly affirmed.