INCORPORATED TOWN OF MOUNTAIN VIEW *v.* LACKEY.

5-660                                    278 S. W. 2d 653

Opinion delivered May 9, 1955.

*Ben B. Williamson* and *Ivan Williamson,* for appellant.

*W. D. Murphy, Jr.,* and *Chas. F. Cole,* for appellee.

ED. F. McFADDIN, Justice.   The question posed is whether the 10-acre tract here involved is a *public park.*

The Chancery Court held that the tract was owned entirely by Appellee Lackey. The Town of Mountain View (appellant) claims that the tract is a public park. The other appellants, Storey et al.,[1] claim that if the 10-acre tract is not a public park then it is owned by Storey et al., as tenants in common with Lackey. We hold that the 10-acre tract is a public park; and such holding makes it unnecessary for us to consider any part of the controversy between Storey et al. and Lackey.

I. *Dedication.* Mountain View (hereinafter called "Town") is and was at all times here involved an incorporated town. In 1921 Messrs. Lackey, Storey, Webb, Evans and Rosa—as partners—owned a tract of 186 acres north of and adjoining the Town. The partners platted this 186-acre tract into lots, blocks, streets, alleys and areas, and called the tract "White Water Addition to the Town of Mountain View." On this plat there was the herein disputed 10 acres labelled, "Laid out for City Park—10 acres"; and there was shown in the park the location of two springs of great notoriety in the community. This plat was placed of record; and lots and block were sold with reference to it. By 1926 more than half of the property in White Water Addition had been sold to the public. At the present time all of the property in the Addition had been sold except the 10-acre park here in issue.

We have many times held that when the owner of land makes a plat thereof and sells lots with reference to it, this amounts to a dedication of the streets and public ways shown on the plat. See *Hope* v. *Shiver,* 77 Ark. 177, 90 S. W. 1003. In *Frauenthal* v. *Slaten,* 91 Ark. 350, 121 S. W. 395, the rule is stated:

"The law bearing on the question of dedication of property to the public use is well settled by the decisions of this court. An owner of land, by laying out a town upon it, platting it into blocks and lots, intersected by streets and alleys, and selling lots by reference to the

---

[1] These appellants are Messrs. Storey and Rosa, and the heirs of Messrs. Webb and Evans.

plat, dedicates the streets and alleys to the public use, and such dedication is irrevocable. He will also be held to have thereby dedicated to the public use squares, parks. and other public places marked as such on the plat. The dedication becomes irrevocable the moment that these acts concur. *Hope* v. *Shiver*, 77 Ark. 177; *Davies* v. *Epstein, Id.* 221; *Dickinson* v. *Ark. City Imp. Co., Id.* 570; *Brewer* v. *Pine Bluff*, 80 Ark. 486; *Stuttgart* v. *John*, 85 Ark. 520.''

In the case at bar the surveyor who made the original plat of White Water Addition testified that all of the five partners authorized him to make the survey and the plat, and to record it. A real estate broker testified that the said five owners of White Water Addition gave him a copy of the plat showing the 10-acre park and told him to sell the lots with particular emphasis on the fact that the park contained the two springs always to be open to the public. One witness testified that he purchased lots for himself and his relatives, just across the street from the park, because of the fact that it was a public park. Thus there was a dedication[2] within the holdings of our cases.

II. *Acceptance of Dedication.* It is urged by Appellee Lackey that in 1921 the White Water Addition was outside the boundaries of the Town so there could be no acceptance of the dedication by the Town. We conclude that this contention is without merit. Act 85 of 1913 (as now found in § 35-901, Ark. Stats.) gives municipal corporations the power of eminent domain to condemn property for parks, etc.; and the Statute provides:

''. . . and, in case of municipal corporations, such parks and boulevards may be situated at a distance of not exceeding five miles from the corporate limits and shall yet remain under the jurisdiction of the municipal corporation.''

---

[2] For other cases and statements regarding "dedication by plat" see *Butler* v. *Emerson*, 211 Ark. 707, 202 S. W. 2d 599; 16 Am. Jur. 365; 39 Am. Jur. 808; 19 C. J. 935; 26 C. J. S. 82; and 7 A. L. R. 2d 607.

4

Certainly if a municipal corporation has the power of eminent domain to acquire a park within five miles of the municipal boundaries, the municipality can likewise accept the dedication of a park within such distance.[3] Here the park was one-fourth of a mile from the corporate boundaries of the Town in 1921. Therefore the Town had the Legislative authority to acquire the park. In *Hankins* v. *Pine Bluff*, 217 Ark. 226, 229 S. W. 2d 231, we said:

"The two essential elements of a dedication are the owners' appropriation of the property to the intended use and its acceptance by the public. No specific duration of the public user is required to complete the dedication. *Ayers* v. *State*, 59 Ark. 26, 26 S. W. 19. Nor need the dedication be evidenced by a deed. *Conner* v. *Heaton*, 205 Ark. 269, 168 S. W. 2d 399."

The Town Council of Mountain View did not adopt a Resolution formally accepting the park; but the fact of the actual acceptance is shown by a number of witnesses. One witness testified that he helped improve the park because he was helping the Town; that benches were built, paths cleared, stairways erected; that campers used the park; that many people came to use the water; and that rock steps were built from the springs leading toward the Town. The same witness testified that he lived across the street from the park from 1922 to 1928 and that he saw and participated in the improvements made in the park; that the work was done by the public and without any compensation; that a passageway was prepared from the springs in the park directly toward the Town; that no one in the area had a well; and that all depended on the springs for water supply.

Another witness testified that he, along with six or seven other persons, worked two or three days cutting underbrush, erecting benches and cleaning up the 10-acre

[3] We have not overlooked Amendment No. 13 to our Constitution adopted in the General Election in 1926 which allows municipal corporations to issue bonds for the purchase, etc., of public parks ". . . located either within or without the corporate limits of such municipality. . . ." But Act 85 of 1913 was the law in 1921 when the transactions involved in this case had their inception.

area; and that the work was done at the behest of the Town. Witnesses testified that when the water works were installed in Mountain View in 1936 the springs in the park were checked to determine whether they could furnish enough water for the Town, as the Town at that time considered it owned the 10 acres in controversy. Another witness testified that he, along with several others, helped clean up the park area for the Town; and that the work was donated.

The case at bar is in many respects similar to, and ruled by, the case of *Frauenthal* v. *Slaten,* 91 Ark. 350, 121 S. W. 395. The case of *Mebane* v. *Wynne,* 127 Ark. 364, 192 S. W. 221, is differentiated from the case at bar in factual matters: because in *Mebane* v. *Wynne* the opinion recites:

". . . the space designated as 'Franklin Square' has never at any time been put to any public use, and has never been accepted by the City Council as a public place. . . ."

In the case at bar the 10-acre park was used by the public over the years; the springs are still being used; and the cleaning up and improvement of the park was done "at the behest of the Town." In *Gowers* v. *Van Buren,* 210 Ark. 776, 197 S. W. 2d 741, we quoted earlier cases to the effect that a formal acceptance of dedication is not necessary; it is sufficient if there be in fact an acceptance[4] of such dedication. The facts in this case clearly show actual acceptance of the dedication.

III. *Limitations.* In the Lower Court Appellee Lackey claimed that he had acquired deeds from all of his former partners to all of the White Water Addition; that by 1946 all of the Addition had been sold except the 10-acre park here involved; and that since 1946 Lackey has paid taxes on this 10-acre park. This plea of limitations is without merit for a number of reasons, only one of which need be mentioned: Act 666 of 1923 (as

---

[4] For other cases and writings regarding acceptance of dedication see *Poskey* v. *Bradley,* 209 Ark. 93, 189 S. W. 2d 806; *Lester* v. *Walker,* 177 Ark. 1097, 9 S. W. 2d 323; 16 Am. Jur. 416; and 26 C. J. S. 103.

now found in § 37-109, Ark. Stats.) has this pertinent language:

"Hereafter no title or right of possession to any . . . public park . . . shall or can be acquired by adverse possession or adverse occupancy. . . ."

Since appellee does not claim any adverse possession to have started prior to 1923 the said Act 666 is a bar to his claim because the park was dedicated and accepted by the public prior to the effective date of the 1923 Act.

*Conclusion.*

It follows that the decree of the Chancery Court is reversed and the cause is remanded with directions to enter a decree declaring the 10-acre tract to be a public park in accordance with the views expressed in this opinion.

Chief Justice SEAMSTER not participating.