Ark. State Highway Comm. *v.* Sherry.

5-3288                                    381 S. W. 2d 448

Opinion delivered May 18, 1964.

[Rehearing denied September 14, 1964.]

*Mark E. Woolsey and Don Langston,* for appellant.

*James R. Hale* and *Lewis D. Jones,* for appellee.

Carleton Harris, Chief Justice. This appeal arises from a decree of the Washington County Chancery Court, wherein that court enjoined the Arkansas State Highway Commission and Anchor Construction Company from entering upon certain premises which the Highway Department contends have been dedicated to the public.

On April 17, 1947, C. F. Noel and wife owned a tract of land which they caused to be platted into lots. The plat was filed for record in the office of the Circuit Clerk of Washington County on April 17, 1947, and is properly recorded in one of the plat record books. Thereafter, Mr.

and Mrs. Noel sold lots with reference thereto.[1] (See attached plat.) This litigation arose in 1963 when the Highway Commission decided to reconstruct and widen U. S. Highway No. 71. On the basis of the plat, the Highway Department contends that Mr. and Mrs. Noel dedicated to the public 50 feet on the west side of the center line of the highway, and appellees contend that the extreme western 20 feet of the 50 is a part of their property. Accordingly, the sole question presented is whether the 20 foot strip abutting U. S. Highway 71 (Thompson Street) has been dedicated to the public, and it is more or less admitted by appellees that appellants are due to prevail if there is no ambiguity in the plat of the Noel addition; on the other hand, if there is any ambiguity, testimony was proper to determine the actual intent of the dedicators. This last (ambiguities) is the contention of appellees, and they stoutly argue that the evidence shows that the Noels never had any intention to dedicate the 50 feet to the public, and the decree should therefore be affirmed. We cannot agree.

A stipulation entered into between the parties reflects that Mr. and Mrs. Noel would have, if present at the trial, testified that they did not intend to dedicate the 20 foot strip to the public, and did not intend for the county surveyor to plat a 50 foot right-of-way for U. S. Highway 71. Appellant reserved the right to object to the competency of the evidence, did object and the court properly sustained the objection. In *Poskey* v. *Bradley,* 209 Ark. 93, 189 S. W. 2d 806, this court, citing an earlier decision, *Frauenthal* v. *Slaten,* 91 Ark. 350, 121 S. W. 395, said:

"While the fact of dedication depends upon the intention of the owner to dedicate, the intention to which the courts give heed is not an intention hidden in the mind of the landowner, but an intention manifested by his acts."

---

[1] Appellees, the purchasers of part of the property involved in this litigation, are Hugh Sherry and Myrtle Sherry, and Kenneth Morris and Drucilla Morris, who were plaintiffs in the court below; also, Carlie Sutherlan, Thelma J. Sutherlan and John S. Glenn, interveners.

# C.F. NOEL ADDITION—

## THE CITY OF SPRINGDALE ARK.

Part of the N.E. ¼ of the S.E. ¼ Sect. 2 Twp. 17 N. R 30 w.
April 12 - 1947

Filed 17th day of April 1947
Richard H. Hurd Clk.

By - W. A. Amis
County Surveyor

55-A

Plat Record Book 3 at page 146

Also, in *Porter* v. *City of Stuttgart,* 135 Ark. 48, 204 S. W. 607, the court said:

"That plat need not be made by the owner, and where he sells lots in conformity to the city map on which his property is laid out into blocks, streets, avenues and squares, such recognition of the plat is a dedication to public use; he adopts the map by reference thereto . . . A common law dedication does not operate as a grant, but by way of estoppel *in pais.* This doctrine is adopted from necessity for lack of a grantee capable of taking. The dedication, therefore, is regarded not as transferring a right, but as operating to preclude the owner from resuming his right of private property, or indeed any use inconsistent with the public use. The ground of the estoppel is that to reclaim the land would be a violation of good faith to the public and to those who have acquired private property with a view to the enjoyment of the use contemplated by the dedication, and, in case of sale with reference to plat, that the easement and servitudes indicated by the plat constitute a part of the consideration for which all conveyances referring to the plat are made, and therefore no person, while claiming under the conveyance can be permitted to repudiate them or deny that they exist where they are capable of existing."

Likewise, in *Incorporated Town of Mountain View* v. *Lackey,* 225 Ark. 1, 278 S. W. 2d 653, we said:

"We have many times held that when the owner of land makes a plat thereof and sells lots with reference to it, this amounts to a dedication of the streets and public ways shown on the plat. See *Hope* v. *Shiver,* 77 Ark. 177, 90 S. W. 1003. In *Frauenthal* v. *Slaten,* 91 Ark. 350, 121 S. W. 395, the rule is stated:

'The law bearing on the question of dedication of property to the public use is well settled by the decisions of this court. An owner of land, by laying out a town upon it, platting it into blocks and lots, intersected by streets and alleys, and selling lots by reference to the plat, dedicates the streets and alleys to the public use, and such dedication is irrevocable. He will also be held

to have thereby dedicated to the public use squares, parks and other public places marked as such on the plat. The dedication becomes irrevocable the moment that these acts concur.' "

While Noel did not prepare the plat, he certainly approved and adopted it by causing it to be filed, and by selling lots with reference thereto.

Though the dedication was in 1947, and was not accepted until the commission decided to widen the highway in 1962, the dedication is irrevocable, and the highway commission had the right to accept this dedication for the public use when the necessity should arise.[2]

Appellees point out that the plat denotes the western line of the street as marked by a fence, and they apparently contend that this constitutes an ambiguity; also, they assert that in comparing the Tontitown road on the north side of the plat with Thompson Street on the east side, it will be noted that the "boundary lines of Tontitown Road are clear and dark and show as boundary lines, while the fence line on the east side of the plat is not only marked with 'x's' to indicate barbed wire, but the word 'fence' is written in between lots 3 and 4." The record does not reflect when the fence was placed in its location, or who was responsible for having it done, but we do not think these facts are sufficient (under our decisions, heretofore quoted) to raise doubts as to the intention of Mr. Noel and his wife. It was stipulated that both would testify that they did not request that the fence

[2] In *Gowers* v. *City of Van Buren*, 210 Ark. 776, 197 S. W. 2d 741, we said: "In *Paragould* v. *Lawson*, 88 Ark. 478, 115 S. W. 379, this court said: 'The equitable doctrine of laches cannot be successfully invoked to defeat the right of the city to open the street which was dedicated to that use . . . Nor is the city estopped, on account of the inaction of its officers for a long period of time, to proceed to open the street . . . *Beebe* v. *Little Rock*, 68 Ark. 39, 56 S. W. 69. The owners of lots abutting on the platted street had notice of the dedication, and are presumed to have had knowledge of the city's legal right to proceed in its own time to open the street. *Brewer* v. *Pine Bluff, supra*, (80 Ark. 489, 97 S. W. 1034). They could, therefore, build up no right to continued occupancy of the dedicated strip on account of delay in opening the street to public use,' and in *Little Rock* v. *Wright*, 58 Ark. 142, 23 S. W. 876, it is said: 'The city had the right to postpone the removal of the obstructions, and the opening of the streets, until such time as its resources permitted, and the public necessities demanded:' "

be shown on the plat, though it did, in fact, exist; also, that they did not instruct the county surveyor to draw a right-of-way line for U. S. Highway 71 or Thompson Street on the plat. The fact remains, as heretofore mentioned, that they did cause the plat to be filed, disposed of all of the property, and, in executing deeds, did so with reference to the plat.[3]

Appellees further argue that the plat contains no dedicatory phrases, and was not signed by the owners. However, it is generally held that this is not essential to a dedication. In *Fitzgerald, et ux*, v. *Smith, et ux*, (Cal.) 271 P. 507, the California court held that where an owner of a subdivision of land records a map thereof without reservation, he thereby offers to dedicate streets and roads shown thereon to public use, even though there is no express declaration of dedication in the plat.

Appellees have made valuable improvements on the 20 feet in litigation, and this is unfortunate, but the plat was on record when they purchased the property, and the deeds received by them had been executed with references to this plat. In *Arkansas Fuel Oil Company* v. *Downs*, 205 Ark. 281, 168 S. W. 2d 419, this court cited the rule as follows:

" 'The right of the public to use a highway extends to the whole breadth thereof, and not merely to the part which is worked or actually traveled; and consequently, an obstruction upon the untraveled part is a proper subject of complaint by the public or persons specially injured,' and in American Jurisprudence, Vol. 25, p. 809, § 527, we find this language: 'Even though the entire width of a highway is not prepared for travel, or although a bridge or culvert does not extend to its entire width, the public rights of passage are not thereby limited in

[3] For that matter, the fence, which is shown to be 50 feet from the center line of Thompson Street (Springdale), does not extend completely across the east side of tract, but the line that is shown along and through the fence extends to the undisputed southern right-of-way line of the Tontitown road. The fence appears to stop at the southern edge of lot No. 1. Appellants also point out that the right-of-way line of Thompson Street directly connects and rounds off into the right-of-way line of the Tontitown road.

favor of one who places an unauthorized or improper structure within the highway limits * * *' "

Title acquired by dedication to the public is an easement, with the fee remaining in the adjacent landowner (*Arkansas Fuel Oil Company* v. *Downs, supra*), and we hold that under the plat, there has been a valid dedication to the public of an easement for highway purposes of the 20 foot strip of land in dispute.

The decree is reversed, and the cause remanded for entry of a decree not inconsistent with this opinion.