Collier WENDEROTH Jr., Nancy WENDEROTH,
and O. K. FEED MILLS, INC *v.* The
CITY OF FORT SMITH, Arkansas, A
Municipal Corporation, and the MIDLAND
CORPORATION

74-4                                           510 S.W. 2d 296

Opinion delievered June 10, 1974

*Harper, Young & Smith,* for appellants.

*Daily, West, Core & Coffman* and *Warner & Smith,* for appellees.

FRANK HOLT, Justice. Appellants sought to enjoin the appellees from constructing a paved street on a 25' strip of land abutting appellants' property which they owned in a platted area called Wenderoth Acres. The chancellor dismissed the complaint. For reversal of that decree appellants contend that the chancellor erred in finding that the strip was dedicated for street purposes to the appellee city; the city had never accepted any purported dedication by ordinance as required by Ark. Stat. Ann. § 19-3802 (Repl. 1968); and the chancellor erred in finding that the dedication was accepted and was irrevocable. We agree with the chancellor.

In 1948 appellant O. K. Feed Mills, Inc., as owner of 30 acres, had it platted and filed for record. The plat contained this language:

This plat is executed for the purpose of filing for record, and the streets shown thereon are hereby dedicated for public use as highways.

Appellant Wenderoth's father (now deceased) was then owner of that corporation. The plat was signed by him as the corporate president. Appellant Wenderoth now occupies that position and testified in a representative capacity and also as an individual owner since he and his wife, Nancy, had purchased lots from the corporation. The plat consisted of 36 lots with the two interior streets being named. The abutting 25' strip in dispute was not named nor has it ever been opened or used by the public. One-half of one of the named streets was closed and unused by the public at the time of this action. The chancellor ordered it opened which resulted in it intersecting at the disputed 25' strip. Appellants do not appeal from that part of the decree.

Appellees correctly contend that the failure to label or name a street will not necessarily prevent a public dedication inasmuch as the intent of the dedicator is controlling. *Siegenthaler* v. *Newton,* 174 Okla. 216, 50 P. 2d 192 (1935); *Atlas Lumber Co.* v. *Quirk,* 28 S.D. 643, 135 N.W. 172 (1912); and 26 C.J.S. Dedication, § 23. In the case at bar, the appellants claim ownership of the strip of land on the basis that it was neither dedicated nor formally accepted by the city for public use. However, the strip was never assessed or taxes paid upon it after filing of the plat. The platted lots were assessed and taxes paid thereon. It appears from the plat that in addition to the 25' strip on the east there are similar 25' dedicated strips also running the entire length of the Wenderoth subdivision on the west and south bounderies as a part of named thoroughfares which resulted in 50' widths. It is undisputed that platted lots were sold with reference to this plat.

It is well established that whenever a dedicator-owner of land makes and files a plat and thereafter lots are sold with

reference to it, as here, such constitutes an irrevocable dedication of any street or passageway for public use shown' or indicated on the plat. *Arkanssas State Highway Comm.* v. *Sherry,* 238 Ark. 127, 381 S.W. 2d 448 (1964); *Incorporated Town of Mountain View* v. *Lackey,* 225 Ark. 1, 278 S.W. 2d 653 (1955); *Porter* v. *City of Stuttgart,* 135 Ark. 48, 204 S.W. 607 (1918); *Frauenthal* v. *Slaten,* 91 Ark. 350, 121 S.W. 395 (1909); and *Hope* v. *Shiver,* 77 Ark. 177, 90 S.W. 1003 (1905). Furthermore, whenever a dedication becomes irrevocable, a public authority can accept the dedication for public use whenever the necessity occurs. *Ark. State Highway Comm.* v. *Sherry, supra.*

In the case at bar, it is also most significant that on an occasion (preceding the present action) appellants objected in a public proceeding before the city officials to a proposal to close or vacate a 25' street dedication, adjacent to the 25' strip in question, by an adjoining property owner and then relocate the street one block further to the east. In objecting to the relocation appellants recognized that the two 25' strips were dedicated for a total dedication of 50' for street purposes. Thereafter, the appellee city relied upon the proceeding in rezoning and appellee Midland Corp. purchased adjacent property in reliance on the plat which indicated the 25' strip as a public passageway. In the case at bar, it is sufficient to say that the appellants are estopped from denying the disputed strip is a dedicated public street because of the inconsistent position previously taken at a meeting of the city officials. In any event we cannot say that the chancellor's finding that the strip was dedicated for street purposes is against the preponderance of the evidence.

Affirmed.