The Honorable Jim Bob Steele Prosecuting Attorney P.O. Box 548, 219 N. Main Nashville, Arkansas 71852
Dear Mr. Steele:
This is in response to your request for an opinion on a question involving whether certain roads in Sevier County have been dedicated to the public. Specifically, you have enclosed a plat of a particular subdivision in Sevier County, which has been filed for record, an assignment of easement rights from one private individual to other private individuals, a letter from the Sevier County Judge regarding the roads in question, and a letter to the county judge from the attorney who represents the owners of the surrounding property.
In light of all of the above documents, you ask the following:
 Inasmuch as the plat filed for record states "All roads dedicated for the use of the public (35')" as well as the fact that the County has graded and maintained said Roads since their construction, are the roads the property of Sevier County, or is a formal dedication necessary before the roads in question become property owned by the public?
Your question, although it may be a question that concerns the financial interest of a county (see A.C.A. § 25-16-706), is not a "legal question." It presents issues which will require the determination of facts. This office, in rendering official legal opinions, is not empowered as a factfinder. Thus, your question will ultimately require resort to the judicial process. I can, however, in an attempt to generally respond to your opinion request, set out the relevant law surrounding the issue, but this law will have to be applied and interpreted with reference to the development of facts before a factfinder.
It has been held that title acquired by dedication to the public is an easement, with the fee remaining in the adjacent landowner.Arkansas State Highway Commission v. Sherry, 238 Ark. 127,381 S.W.2d 448 (1964). A dedication of property to the public use entails two essential elements — appropriation of the property to the intended use, and its acceptance by the public. The dedication need not be evidenced by a deed, and no specific duration of public use is required to complete the dedication.Fitzhugh v. Goforth, 228 Ark. 568, 309 S.W.2d 196 (1958);Incorporated Town of Mountain View v. Lackey, 225 Ark. 1,278 S.W.2d 653 (1955); and Conner v. Heaton, 205 Ark. 269,168 S.W.2d 399 (1943).
It has been held that the intention of the owner to dedicate is essential and vital, but that the existence of the intent is to be ascertained from the acts of the owner and not from the purpose hidden in his mind. Poskey v. Bradley, 209 Ark. 93,189 S.W.2d 806 (1945); Fort Smith Van Buren Bridge Dist. v.Scott, 111 Ark. 149, 163 S.W. 1137 (1914); and Frauenthal v.Slaten, 91 Ark. 350, 121 S.W. 395 (1909).
It has also been held as a "long-established rule" that when the owner of land plats it into lots and blocks and sells lots by reference to the plat, he is held to have dedicated the streets shown or indicated on the plat to public use, and such dedication is irrevocable. Wenderoth v. City of Fort Smith, 256 Ark. 735,510 S.W.2d 296 (1974); Sherry, supra, Wood v. City of ElDorado, 237 Ark. 681, 375 S.W.2d 363 (1964); Brown v. Land,Inc., 236 Ark. 15, 364 S.W.2d 659 (1963); and other cases too numerous to cite. It is not necessary that the plat contain dedicatory phrases or be signed by the owner, or that the streets be labeled or named. Sherry, supra, and Wenderoth, supra.See also generally Newton v. American Security Company,201 Ark. 943, 148 S.W.2d 311 (1941).
It also appears, however, that this rule applies in the absence of the expression of a contrary intention. Balmat v. City ofArgenta, 123 Ark. 175, 184 S.W. 445 (1916); and generally,Jennings v. Russell, 209 Ark. 71, 189 S.W. 656 (1945).
Whenever a public dedication becomes irrevocable, a public authority can accept the dedication for public use whenever the necessity occurs. Sherry, supra. It has been held that acceptance of the dedication may be by public use alone. Flakev. Thompson, 249 Ark. 713, 460 S.W.2d 739 (1970); andWenderoth, supra. See also Bushmiaer v. City of LittleRock, 231 Ark. 848, 335 S.W.2d 236 (1960) (holding that in spite of statute, city was not required to accept by ordinance). The period of public use need not be for a period necessary to establish a way by prescription. Id. It also appears that acceptance by use can include the maintenance of the roads by the political subdivision. City of Jonesboro v. Kirksey,239 Ark. 205, 388 S.W.2d 78 (1965). Unless there are reservations, the "general public" i.e., any and everyone, has the right to use dedicated property to the full extent to which those easements are commonly used and the person making the dedication may not object to that use without regard to whether the public owns the fee or only a right-of-way. Harvey v. Bell, 292 Ark. 657,732 S.W.2d 138 (1987).
The precepts of law set out above must be applied to the facts to determine whether an irrevocable dedication and acceptance of the roads has occurred. It appears that a plat was filed indicating that the roads are dedicated for the public use. I cannot tell from the documents presented whether this plat was filed by the owner or adopted by him. See Incorporated Town of Hope v.Shiver, 77 Ark. 177, 90 S.W. 1003 (1905). Neither have I been provided with a copy of the "protective covenant" which is referenced in the documents you have enclosed nor any recorded bill of assurances. I am thus not in a position to determine whether any simultaneous expression of an intent contrary to dedication appears therein, and in any event could not make the factual determination of whether any such expressions would overcome the dedicatory language on the plat. These issues will have to be decided by a factfinder. If the dedication occurred, however, upon filing of the plat, any subsequent actions would not affect the dedication, as it is irrevocable. Wood v. City ofEl Dorado, supra.
If a dedication and acceptance has occurred, the property does not necessarily "belong" to the county, or become a county road. An easement will simply have been granted to "the public."
Additionally, the doctrine of prescription may be applicable in the facts you have asserted. See A.C.A. § 27-66-201 andNeyland v. Hunter, 282 Ark. 323, 668 S.W.2d 530 (1984). This doctrine inherently requires factual determinations.
Although this office cannot give a definitive answer to your question due to its factual nature, the foregoing will hopefully offer general guidance in addressing the surrounding issues.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh